CURTIS, *appellant, vs.* STILWELL, executrix &c., *respondent.*

A surrogate cannot take cognizance of disputed claims against an estate, and adjudicate upon their validity or invalidity, but must refer them to the common law tribunals, for adjudication, before he can make a decree for their payment.

Where a creditor has obtained a judgment against his debtor, in the supreme court, and upon an appeal to the general term, an order denying a motion to set aside the judgment is subsequently made, and from that order an appeal is taken, by the executor of the defendant, after the death of the latter, to the court of appeals; the surrogate cannot, while such appeal is still pending and undetermined, entertain jurisdiction for the purpose of enforcing the payment of the judgment.

His proper course is to adjourn over the proceedings before him, and suspend the accounting and distribution during the pendency of the litigation in the court of appeals.

APPEAL from an order made by the surrogate of the county of Kings.

*G. C. Blanke,* for the appellant.

*Smith & Woodward,* for the respondent.

*By the Court,* BROWN, J. On the 23d September, 1857, Jasper W. Gilbert recovered a judgment in this court against Sylvanus B. Stilwell, the respondent's testator, for the sum of $7625.61, but how the judgment was obtained, and for what cause, does not appear, as the record was not produced and put in evidence at the hearing before the surrogate. An appeal was taken from the judgment to the general term for the second district, which made an order, in September, 1858, denying the motion made to set the judgment aside. From this order the respondent appealed to the court of appeals, upon the usual papers, where the action is still pending. Both these appeals were taken in the name of the respondent, so that the judgment must have been rendered shortly before the death of her testator. In the mean time Jasper W. Gilbert assigned the judgment to the appellant, who, in November, 1859, filed his petition with the surrogate of the county

of Kings, setting out the recovery of the judgment, the granting of letters testamentary upon the will to the respondent, the filing of the inventory, and the lapse of eighteen months, and praying that proceedings might be had to enforce the payment of the judgment. The respondent answered the petition and rendered her account, denying therein that the appellant had any claim against the estate, and that the judgment had been removed to the court of appeals, by the respondent herein, where the same was still pending and undetermined. Several hearings were had before the surrogate, at which the facts to which I have referred appeared from the proceedings and proofs; and it also appeared that there were sufficient assets of the estate to pay the claim of the appellant, if it really existed, and was, as he claimed, entitled to a priority. The surrogate came to the conclusion, and so determined, that until the determination of the court of appeals in favor of the appellant herein by a judgment in his favor upon the merits, or the appeal was dismissed, he could make no decree for the payment of the claim. He did not assume to pass upon its validity. He neither rejected it nor did he make a decree for its payment by the respondent as a legal claim against the estate, but adjourned over the proceedings during the pendency of the litigation in the court of appeals. So that in fact the appellant's proceedings to enforce the payment of his claim are still pending and undetermined before the surrogate, ready to be called up and resumed whenever the judgment between the parties shall be rendered in the court of appeals.

This court has held that the surrogate has no jurisdiction, upon a final accounting, to make a decree for the payment of a claim which is disputed, and the obligation of the personal representative to pay it denied. It must first be established by the judgment of a court of common law, and the liability of the estate determined in that forum. (*Wilson* v. *The Baptist Education Society*, 10 *Barb.* 309. *Disosway*

v. *Bank of Washington,* 24 *id.* 60.   *Andrews* v. *Wallege,* 17 *Howard's Pr. Rep.* 263.)

This principle is not, I understand, disputed by the appellant, but he insists that such judgment has already been rendered in his favor. He certainly has the judgment of the general and special terms of this court to the effect that the claim is justly due. But this is not enough, in all cases; for if it were, executors and administrators would be deprived of the benefit of an appeal, and could not with any advantage take the opinion and judgment of the court of last resort in resisting the payment of pretended debts and claims which they had every reason to think illegal and unjust. The spirit of the authorities to which I have referred is that the surrogate cannot take cognizance of disputed claims, and adjudicate upon their validity or invalidity, but must refer them to the common law tribunals for adjudication, before he can make a decree for their payment. They are in disaffirmance and exclusion of his jurisdiction over such questions, and nothing more. An executor or administrator against whom a judgment is rendered has the same right of appeal as other persons. And while the appeal is pending the claim is in dispute, and not such as the surrogate has authority to allow as a just and an authenticated claim against the estate. A different rule would be subversive of the ends proposed to be accomplished by the limitation upon the surrogate's power. In addition to sections 35, 36 and 37 of the act in regard to the duties of executors and administrators, in the payment of debts and legacies, section 74 of the article which defines their duties in rendering an account and in making distribution to the next of kin, contains a provision that whenever it appears there is a claim against the estate, upon which a suit is then pending, the surrogate shall allow a sum sufficient to satisfy such claim, or the proportion of the estate to which it may be entitled, to be retained for the purpose of being applied to the payment of such claim when recovered, or of being distributed according to law. Such sum may be left in the

Curtis *v.* Stilwell.

hands of the executor or administrator, or deposited in some safe bank, as the surrogate may direct. This is a significant provision, and invests the surrogate with ample power, during the pendency of the litigation upon a disputed claim, to withdraw from the effects of the estate and deposit in some safe bank, or leave in the hands of the executor or administrator, in his discretion, a sum sufficient to pay such claim in the event of its being recovered against the estate. This term, recovered, employed by the statute, signifies that the obligation and duty of the executor or administrator to pay the demand from the effects of the estate, shall be fixed and established by law. In the present case the surrogate did not set apart a sum to pay the appellant's judgment and thus follow the literal direction of the act. But he did that which was quite as beneficial to the appellant. He suspended the accounting and distribution altogether, and adjourned over the preceedings to await the judgment and decision of the court of appeals upon the appellant's claim. This he had power to do, under section 64 of the act, which provides that he may adjourn the hearing upon the application, from time to time as shall be necessary.

But it is said that the appellant has no security for the payment of his claim. That the undertaking, on removing the action in which the judgment was rendered into the court of appeals, is not given under section 335, but under section 334 of the code, and does not secure the payment of the judgment, should it be affirmed upon appeal. It is to be observed in answer to this suggestion, that the omission to give such an undertaking upon the appeal as would have the effect to stay the issuing of an execution upon the judgment, deprives the appellant of no substantial right; because he was not in a situation to issue an execution upon the original judgment after the death of the respondent's testator. He has all the security for the payment of his debt that creditors of deceased debtors usually have. His judgment, if finally sustained, is entitled to a priority, and if the circumstances of the execu-

trix are so precarious as to endanger the assets of the estate in her hands, he may apply to the surrogate for the relief provided by the article relating to the granting letters testamentary.

Having arrived at a conclusion adverse to the appellant, upon the principal question, I decline to consider his exceptions to the decisions of the surrogate, rejecting certain evidence offered by him in respect to the assets of the estate.

The order of the surrogate should be affirmed, with costs.

[ORANGE GENERAL TERM, September 10, 1860. *Lott*, *Emott* and *Brown*, Justices.]