WILMINA B. NEILLY, AS ADMINISTRIX OF SARAH BYRON, DECEASED, RESPONDENT, v. JOHN H. NEILLY AND ANOTHER, AS ADMINISTRATORS OF ALEXANDER WALDRON, DECEASED, APPELLANTS.

*Trust of personal property — what instrument is sufficient to create one — statute of limitations does not run against it — A party may be both plaintiff and defendant as representing different estates — Surrogate cannot pass upon disputed claims*

November 4, 1828, Alexander Waldron gave to his sister Sally, the wife of George Byron, a paper whereby he acknowledged that he had in his possession and held in trust for her the sum of $268, being the balance of a legacy due to her under her father's will, and agreed to pay her legal interest thereon so long as it remained in his hands, and to advance to her, from time to time, as her necessities might require, a portion of the principal money, the husband agreeing that the moneys should remain in trust for the sole benefit of his wife. Sally died in 1842, and letters of administration were granted on her estate to the plaintiff, her daughter, in 1878. Alexander Waldron died in 1877, and letters of administration were granted on his estate to the plaintiff and the defendant John H. Neilly, her husband.

This action was brought by the plaintiff, as administratrix of her mother, to procure an accounting as to the said trust fund from the estate of Alexander Waldron.

*Held*, that the instrument created a technical and continuing trust, which was not cognizable at law, but which fell within the peculiar and exclusive jurisdiction of a court of equity.

That against a trust of that character the statute of limitations did not run.

That the fact that the plaintiff was one of the administrators of the estate, against which this action was brought, did not prevent her from maintaining this action as administratrix of her mother's estate.

That the fact that this claim had been presented and disallowed upon the final accounting of the plaintiff and defendant as administrators of the estate of Alexander Waldron, deceased, did not bar this action, as the surrogate had no jurisdiction to pass upon the claim in those proceedings.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought to obtain an account of a trust fund held by the defendant's intestate for the benefit of the plaintiff's intestate. The trust was claimed to have been created by the following instrument :

"I do hereby acknowledge to have in my possession and hold in trust for my sister Sally, the wife of George Byron, the sum of two hundred and sixty-eight dollars, being the balance due her, this day, for her proportion of one thousand dollars directed to be paid by my father in his last will and testament by my brothers Jacob, Tobias and myself, to his daughters, for which sum I promise to pay my sister legal interest as long as the same remains in my hands, and from time to time as her necessities may require, advance to her a proportion of the principal moneys, it having been agreed between me and her husband, the said George Byron, that the said moneys shall remain in my hands in trust for his wife and for her sole benefit.

"Witness my hand this 4th day of November, 1828.

"$268.　　(Signed.)　　　ALEXANDER WALDRON."

Sarah Byron died in 1842, and letters of administration were issued to the plaintiff, her daughter, upon her estate in 1878. Alexander Waldron died in 1877, and letters of administration were issued to the plaintiff and her husband.

*C. Stewart Davison,* for the appellants. Plaintiff, as administratrix of her mother, Sarah Byron, cannot legally maintain this action against herself as administratrix of her uncle, Alexander Waldron. (*Church* v. *Stewart,* 27 Barb., 553 ; *Engliss* v. *Furniss,* 2 Abb. Pr., 333.) The claim is, in law, presumed to be paid after such a lapse of time — fifty years. (*Ingraham* v. *Baldwin.* 9 N. Y., 45 ; *Lyon* v. *Odell,* 65 id., 28.) The adjudication of the surrogate of Rockland county, upon the claim in question, is a bar to this action. (*Cooper* v. *Kerr,* 3 Johns. Ch. [2d ed.], 606 ; *Robinson* v. *Crandall,* 9 Wend., 425.) It is immaterial in what capacity an executor or administrator seeks to recover for his own benefit against the estate of his testator or intestate ; the surrogate has jurisdiction, the intent and scope of the statute have been construed by

the courts. (*Kyle* v. *Kyle*, 67 N. Y., 408; *Boughton* v. *Flint*, 74 id., 478; *Smith* v. *Webb*, 1 Barb., 230.) The paper is a mere expression of the acceptance of the duty of paying the legacy under the will, and the legacy is the real cause of action. (*Borst* v. *Corey*, 15 N. Y., 505.) As a legacy it is barred by the statute of limitations. (*Loder* v. *Hatfield*, 71 N. Y., 92.) In law the present claim is barred by the statute of limitations. (*Wheeler* v. *Warner*, 47 N. Y., 519; *Hubbell* v. *Medbury*, 53 id., 98.) The demand being enforceable at law, even if it were a trust, which is contested, would be barred in equity by the lapse of the same period of time as would bar it in law. In such cases equity follows the law. (2 R. S., 301; *Kane* v. *Bloodgood*, 7 Johns. Ch., 90, 125; *Borst* v. *Corey*, 15 N. Y., 505; *Murray* v. *Coster*, 20 Johns., 570; *Gallatin* v. *Cunningham*, 8 Cow., 360; *Rundle* v. *Allison*, 34 N. Y., 180.) The demand is barred in equity by staleness. (*Bruen* v. *Hone*, 2 Barb., 586; *Noas* v. *White*, 6 Johns. Ch., 360; *Plet* v. *Bouchard*, 4 Edw., 30.)

*George H. Forster*, for the respondent. The statute of limitations cannot bar this claim. (Perry on Trusts, §§ 228, 863; *Decouche* v. *Savetier*, 3 Johns. Ch., 190; *Goodrich* v. *Pendleton*, id., 389; Story's Eq. Jurisp. [10th ed.], § 1273, E.; Hill on Trustees [4th ed.], 264; *Poillon* v. *Wilson*, Gen. Term, N. Y. Weekly Dig.)

Barrett, J.:

1. The trust in question was created before the Revised Statutes. It was then a valid trust, relating to personal property. It is well settled that a formal or even a written agreement is not necessary to create a trust in money or personal estate. (Perry on Trusts, § 86.) As was said in *Day* v. *Roth* (18 N. Y., 453), " any declaration, however informal, evincing the intention with sufficient clearness will have that effect. Such declarations stand on somewhat peculiar grounds. They are not to be regarded as admissions merely of some antecedent fact in relation to the subject, but are to be looked upon and received as constituting the very trust which they acknowledge. The doctrine of equity is, that, by their own force, they impress the fund with a peculiar character, and hence they are receivable on the same grounds as a precise and formal agreement.

A person in the legal possession of money or property, acknowledging a trust, becomes, from that time, a trustee, if the acknowledgment is founded on a valuable or meritorious consideration."

That is just this case. The plaintiff's mother, Mrs. Sally Byron, was entitled to a legacy under her father's will. That legacy was payable by her brother, the defendant's intestate, Alexander Waldron. It amounted to $268. Thereupon it was agreed between Mrs. Byron, her husband, George Byron, and Waldron, that the latter should hold this sum in trust for his sister, and for her sole benefit, he agreeing to pay interest thereon and to advance to her, from time to time, according to her necessities, a part of the principal moneys

The possession of the moneys under this trust agreement was acknowledged by Waldron in the document upon which this action is founded. We do not think that the statute of limitations is a bar. The general rule is, that such a trustee (of an express trust) cannot protect himself by the statute in a suit brought by the *cestui que trust.* (Perry on Trusts, § 863; Hill on Trustees [4th ed.], 264; *Decouche* v. *Savetier*, 3 Johns. Ch., 190; *Goodrich* v. *Pendleton*, id., 384.) We are aware that this rule is only applied to strict technical trusts which are the mere creations of a court of equity (*Kane* v. *Bloodgood*, 7 Johns. Ch., 90; affirmed, 8 Cow., 360; *Murray* v. *Coster*, 20 Johns., 575; *Humbert* v. *Trinity Church*, 24 Wend., 587; *Borst* v. *Corey*, 15 N. Y., 505; *Bertine* v. *Varian*, 1 Edw. Ch., 343; *Renwick* v. *Renwick*, 1 Brad., 234), and that it is inapplicable where there is a legal remedy, or where the remedies in equity and at law are concurrent. It is undoubtedly confined to cases which were exclusively cognizable in chancery. (Same cases.)

The trust under consideration was of this character. It was one of those technical and continuing trusts which was not cognizable at law, but fell within the peculiar and exclusive jurisdiction of a court of equity. Mrs. Byron could maintain no action at law thereon, nor could her husband. The very object of the trust was to place the legacy out of Mr. Byron's marital control. The remedy was solely in equity to enforce the trust for the wife's benefit. It is not to be treated as an action to recover the legacy. It is rather as though the legacy had been paid by the executor (Mrs. Byron's father), and she had thereupon, with her husband's consent, placed

the money in the hands of an independent trustee under the trust expressed in the instrument before us. The case of *Loder* v. *West-field* (71 N. Y., 92), which was an action to enforce the payment of a legacy, is, therefore, inapplicable. We observe, however, that the general rule, to which we have referred, was questioned in this latter case; not, however, as to its wisdom or propriety but with regard to the effect thereon of the positive and comprehensive provisions of the Code. Whether this was a passing remark or an intimation of deliberate judgment we are unable to say. But we do not feel justified in treating this old and well-established rule as entirely abrogated by the Code without a more direct and positive adjudication upon the subject by the court of last resort.

2. Mrs. Neilley is not only the administratrix of her mother but also (with the defendant John H. Neilley, as administrator) the administratrix of Waldron. The objection is made that she cannot sue herself, but there is nothing in the point. She is not suing herself. It is simply estate against estate, the administratrix of Sarah Byron against the administrator and administratrix of Alexander Waldron. The court is not precluded, especially in an equitable action, from granting the appropriate relief merely because a single representative of one estate happens to be the administratrix of the other.

3. Nor was the judgment of the surrogate of Rockland county a bar to the action. It seems that on the accounting of the defendants before this officer the present claim was referred to in the petition, and the citation required parties interested to show cause why it should not be paid. Objections to the claim were filed by Waldron's heirs. One of these objections was that the claim ought not to be determined by the Surrogate's Court. Upon the hearing, evidence to support the claim was offered and excluded. The objections to the admission of the evidence were, that it " appeared on the face of the paper that it is barred by the statute of limitations, also that it was the subject-matter of a claim which cannot be tried by the Surrogate's Court, and that said claim, not having been adjusted and allowed by a court having jurisdiction to allow it, cannot form part of the administrator's account.

It is evident that it was the latter objection which prevailed. That which referred to the statute of limitations bore upon the

effect of the evidence, not upon its admissibility. The decree which followed disallowing the claim must, therefore, have proceeded upon the ground of the surrogate's want of jurisdiction. The language used was inapt, but was doubtless intended as expressive of a dismissal of the proceeding. But whether such be the case or not, the decree can have no such effect as that now claimed for it. The surrogate had no jurisdiction to pass upon the claim, and any judgment which he may have rendered upon the merits was null and void. A surrogate has no power to adjudicate upon a disputed claim of an alleged creditor of the estate. (*Bevan* v. *Cooper*, 72 N. Y., 327; *Kyle* v. *Kyle*, 67 id., 408; *Tucker* v. *Tucker*, 4 Keyes, 148; *Curtis* v. *Stillwell*, 32 Barb., 354.)

It is true that he has jurisdiction to hear and pass upon a debt alleged to be due from the testator to the executor. (*Kyle* v. *Kyle*, *supra;* *Boughton* v. *Flint*, 74 N. Y., 478.) That results from the provision of the statute forbidding the executor to retain any part of the property of the testator, upon a claim of his own, until it shall have been proved to and allowed by the surrogate. (2 R. S., 88, § 33.) But Mrs. Neilley's claim against Waldron's estate was representative and not personal. It was simply a claim of her mother's against her uncle's estate.

None of the other points merit special consideration, and, upon the whole, we think the judgment should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.