NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—September, 1887.

MATTER OF MOREY.

*In the matter of the estate of* HARRIET MOREY, *deceased.*

Under Code Civ. Pro., §§ 1312, 1351, the mere pendency of an appeal, taken by an executor from a judgment rendered against him in his representative capacity, is no bar to a motion, made by the creditor under id., § 1825, for leave to issue execution.

APPLICATION for leave to issue execution against executor.

H. M. WHITEHEAD, *for petitioner.*

J. P. REED, *for executor, opposed.*

THE SURROGATE.—On March 21st, 1887, the petitioner herein recovered, in the Supreme Court, a judgment against the executor of this estate, in the sum of $1,349.22. The petitioner now asks leave, under § 1825 of the Code of Civil Procedure, to issue an execution for the enforcement of such judgment,

alleging in his application that the respondent has in his hands funds of the estate applicable to such judgment in excess of all sums chargeable against him for expenses, and in excess of all claims of greater dignity than the petitioner's and of all claims of the class to which that of the petitioner belongs. The respondent does not deny this allegation as to sufficiency of assets, but insists that leave to issue execution should be refused because he has appealed from the judgment aforesaid to the General Term of the Supreme Court. He admits that he has given no undertaking on such appeal, to effect a stay of proceedings, and that he has obtained no stay from the Supreme Court.

Section 1351 of the Code of Civil Procedure declares that, only where it is specially prescribed by law (and there is no special prescription in cases like the case at bar), does an appeal to the General Term operate, of itself, as a stay of the execution of the judgment appealed from, but such stay must be effected, if at all, by filing a proper undertaking or by procuring a direction of the court into or from which the appeal is taken, or of a judge thereof. Section 1312 provides that, where an appeal has been taken by an executor to the General Term, the court into or from which the appeal is taken may, in its discretion, and upon notice to the respondent, dispense with or limit the security.

I hold, therefore, that the mere fact of the pendency of this respondent's appeal will not justify me in denying the petitioner's application. A contrary view is taken in Curtis v. Stilwell (32 *Barb.*, 354), cited by

the executor's counsel, but that decision was reversed by the Court of Appeals (25 *How. Pr.*, 595).

Unless the respondent shall within ten days obtain a stay of proceedings, the petitioner may issue execution.