### In re ADLER'S ESTATE.

### In re SCHWAB.

*(Supreme Court, General Term, First Department. June 26, 1891.)*

1. EXECUTORS AND ADMINISTRATORS—CUSTODY OF JOINT ESTATE.

 An application by an executor to require his co-executor to deposit funds to the joint credit of the executors, as authorized by Code Civil Proc. N. Y. § 2602, in cases where executors differ as to the custody of the funds of the estate, is properly denied, where it appears that there was no ground for the moving executor to apprehend any danger to the estate from his co-executor: an order for such deposit being a matter in the discretion of the surrogate, and not a matter of right.

2. APPEAL—DISCRETIONARY ORDERS OF SURROGATE'S COURT.

 Discretionary orders of the surrogate's court are not reviewable by the general term of the supreme court, as in the case of similar orders of the special term of the supreme court; the surrogate's court being a distinct tribunal from the supreme court.

Appeal from surrogate's court, New York county.

Application by Caroline Schwab, as executrix, etc., of the will of Solomon Adler, deceased, from an order denying her application for an order requiring her co-executors, I. Richard Adler and Leon N. Adler, to show cause why the surrogate should not give direction respecting the custody of money or other property belonging to the estate, and for other relief. The application was denied, and petitioner appeals. Code Civil Proc. N. Y. § 2602, provides as follows: "Where two or more co-executors or co-administrators disagree

respecting the custody of money or other property of the estate, or two or more testamentary trustees or guardians of the property disagree respecting the custody of money or other property belonging to a fund or an estate which is committed to their joint charge, the surrogate may, upon the application of either of them, or of a creditor or person interested in the estate, and proof, by affidavit, of the facts, make an order, requiring them to show cause why the surrogate should not give directions in the premises. Upon the return of the order, the surrogate may, in his discretion, make an order directing that any property of the estate or fund be deposited in a safe place, in the joint custody of the executors, administrators, guardians, or testamentary trustees, as the case requires, or subject to their joint order; or that the money of the estate be deposited in a specified safe bank or trust company, to their joint credit, and to be drawn out upon their joint order."

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Evarts, Choate & Beaman,* for appellant.   *T. C. Ennever,* for respondent.

BARRETT, J.   We think that the learned surrogate wisely exercised the discretion conferred upon him by section 2602 of the Code of Civil Procedure in denying this application.   It is quite evident that the funds of the estate are not in jeopardy, and that no practical good would be accomplished by subjecting them to the additional control of the appellant.   The papers show a lack of harmony between the appellant and her co-executors, but nothing whatever to justify any apprehension of mismanagement, misappropriation, or danger to the estate.   The appellant seems to think that the order applied for was substantially her legal right, and that she was not bound to show any special facts or circumstances calling for the exercise of the discretion conferred upon the surrogate by the section in question.   At all events, the facts which she did show were entirely insufficient, and even these were either denied or explained.   But, in her general view of what is essential successfully to invoke the discretion thus conferred, we think she is mistaken.   Section 2602 is new, and it was intended thereby to provide a summary remedy in cases where, prior to its enactment, the surrogate was powerless to interfere.   Formerly the only remedy was in equity, and such remedy was limited to cases where mismanagement and misconduct jeopardizing the interests of the beneficiaries under the will was shown.   Thus, in *Burt* v. *Burt,* 41 N. Y. 46, it was held that a decree in favor of one executor, requiring his co-executor to place the securities which were in the latter's possession belonging to the estate in the custody of a bank, and to deposit in such bank all money thereafter collected, to be drawn out only on their joint check, was not authorized by the fact that the co-executor maintained exclusive manual possession of such securities.   It may be that under the wide discretion conferred by this new provision the surrogate is not limited to cases within the rule thus laid down, but certainly it is not a matter of course to require such joint deposit.   The applicant must still make out a case calling for the surrogate's interference, and showing that the protection of his rights and interests, or of the rights and interests of others, require the favorable exercise of the discretion conferred.   With the exercise of that discretion we cannot interfere; certainly not unless it is apparent that it has been abused.

The appellant contends that the rules which govern on appeals from discretionary orders of the special term of our own court are equally applicable to appeals from similar orders of the surrogate's court.   This, however, is not the case.   It is true that on appeals from the special to the general term of our own court we are bound to review upon the merits all orders resting in discretion.   *Insurance Co.* v. *Tomlinson,* 58 N. Y. 216; *Jemison* v. *Bank,* 85 N. Y. 548.   That discretion, however, is the discretion of the supreme court, whether exercised in one of its branches or in another.   It is the same court and the same discretion throughout.   But this rule is not applicable

to appeals from another and a distinct tribunal, such as the surrogate's court. There our appellate authority is confined to errors of law, or to matters of substantial right, which are not dependent upon the discretion of such other court. *In re Selleck*, 111 N. Y. 289, 19 N. E. Rep. 66. Where, as here, the surrogate is expressly clothed with discretion, the utmost that can be claimed is that we may review his action so far as to ascertain whether there has been an abuse of discretion and a violation of justice. See opinion of GRAY, J., page 288. This cannot possibly be claimed in the present case. On the contrary, as suggested at the outset, we think the discretion was wisely exercised. The order appealed from should therefore be affirmed, with costs. All concur.