## *In re* RUSSELL'S ESTATE.
### *In re* HYDE.

(*Supreme Court, General Term, First Department.* **June 29, 1892.**)

REVIEW ON APPEAL—DISCRETIONARY ORDERS—APPOINTMENT OF TRUSTEE.

An order appointing a trustee in place of one deceased, made by the surrogate, being discretionary, under Code Civil Proc. § 2818, will not be reviewed by the general term, except in certain cases, to ascertain whether there has been an abuse of discretion or a violation of justice.

Appeal from surrogate's court, New York county.

Application of David R. Hyde to be appointed trustee of the estate of Abbie W. Russell, deceased. Appeal from decree of surrogate appointing said Hyde trustee. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Booraem, Hamilton & Beckett,* (*William H. Hamilton,* of counsel,) for appellant. *Jeroloman & Arrowsmith,* for respondent.

PATTERSON, J. By the will of Abbie W. Russell, who died in October, 1886, which will was duly admitted to probate by the surrogate of the city of New York, two trusts were created, one in favor of her brother Nathaniel M. Hyde, and the other in favor of her sister Mary M. Becker. By the terms of the trust, the trustee was not only entitled to use the income of the Nathaniel Hyde trust for his support, but authority was given to use the principal for the same purpose, if necessary. On the death of Nathaniel Hyde, the fund set apart for that trust was to be distributed among other parties; and, after the death of Mary M. Becker, the trust fund held for her benefit was to be divided between Edward H. Becker and Libbie C. Becker. Frederick Hyde, a brother of the testatrix, was appointed trustee of both trusts; and by the terms of the will, after the death of Frederick Hyde, one Jirah Hyde was to be the trustee. Frederick Hyde died in 1891, and Jirah Hyde died previously to that date. After the death of Frederick Hyde, an application was made to the surrogate's court in the city and county of New York, and David R. Hyde presented his petition to be appointed trustee for both trusts in the place and stead of Frederick Hyde, for the purpose of executing and carrying out such trusts. All the *cestuis que trustent* joined in the application, or, rather, assented to it, except Andrew B. Hyde, who opposed it, giving as his reasons the alleged unfitness of the petitioner, by reason of pecuniary embarrassment and peculiar beliefs, which, it was asserted, would influence his judgment and affect his capacity to administer the trusts faithfully and intelligently. Nathaniel M. Hyde at first also assented to the appointment of the petitioner, but subsequently withdrew that assent. After

hearing the petitioner and the opposing party, the surrogate made the appointment, and from the order or decree of the surrogate so made this appeal is taken.

By the provisions of section 2818 of the Code of Civil Procedure, the surrogate had the right, in his sound discretion, to make the appointment of the petitioner in place of the deceased trustee. We have held in *Re Adler*, (Sup.) 15 N. Y. Supp. 227, that appeals from the surrogate's court to the general term of the supreme court do not stand upon the same footing with reference to a review on the merits of orders resting in discretion as do similar appeals from the special term of the supreme court to the general term; except in certain cases, that, where the matter is within the discretion of the surrogate, his action will be reviewed in this court only to ascertain whether there has been an abuse of discretion or a violation of justice. We have examined this record for the purpose of ascertaining whether or not anything is to be found therein which would establish that there had been such an abuse, or whether injustice has been done by the order complained of. We can find nothing of the kind, and are satisfied that the surrogate exercised his power wisely and properly. The active opposition, coming simply, as it does, from one person, was evidently considered by the surrogate to be merely factious, in the face of the strong testimonials which were presented as to the eminent fitness of the petitioner and the wishes of the other parties interested. These testimonials not only came from some of the persons interested in the trust, but the strongest commendation was made of the petitioner by Mr. Justice MAYHAM, one of the justices of this court; by the county judge of Scoharie county; by a magistrate and justice of the peace in that county who had known the petitioner for more than 40 years, and who testified to his having been a public officer in that county who faithfully discharged his duty for many years; and from attorneys of this court who were well acquainted with him. That the opposition was also without merit may well have been inferred by the surrogate from what appears in an affidavit of the petitioner, that the objector, Andrew B. Hyde, offered to the petitioner to withdraw his opposition if he would agree to the appointment of said Andrew B. Hyde as trustee for Nathaniel M. Hyde, and have the petitioner appointed trustee for Mary M. Becker alone. Under these facts and circumstances, we see no reason for interfering with the decision of the surrogate, and the order appealed from must be affirmed, with costs. All concur.