In the Matter of the Estate of HANNAH B. MERRITT, Deceased. Application to Compel Executor to Render Account and Pay Creditors.

MARY ANN WEEKS and Others, Appellants; JOHN MERRITT, as Executor, etc., of HANNAH B. MERRITT, Deceased, Respondent.

*Surrogate — denial by, of an application of judgment creditors of a decedent for an accounting by his executor.*

The exercise by a surrogate of his discretion in denying the application of judgment creditors of a decedent for an order compelling the executor of the decedent to render an account will not be disturbed, where it appears that an appeal from the judgment is pending in the Court of Appeals and that the reversal of the judgment will deprive the judgment creditors of their standing as such.

APPEAL by Mary Ann Weeks, Louisa M. Sutton and Mary B. Sutton, claiming to be creditors of the estate of Hannah B. Merritt, deceased, from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 7th day of November, 1898, denying their application for an order requiring John Merritt, as executor, etc., of Hannah B. Merritt, deceased, to render and settle his account.

*John R. Kuhn,* for the creditors, appellants.

*De B. Wilmot,* for the executor, respondent.

WILLARD BARTLETT, J.:

Under section 2727 of the Code of Civil Procedure, the Surrogate's Court is required to make an order directing an executor or administrator to account, unless such executor or administrator shows good cause to the contrary. The order rests in the sound discretion of the surrogate, and the Appellate Division cannot interfere with the exercise of that discretion except in cases where it has been abused. (*Matter of Adler,* 60 Hun, 481.) We do not perceive that there was any abuse of discretion in refusing the order in the present proceeding. The judgments obtained by the appellants against the executor have been taken to the Court of Appeals for review. It seems to have been the idea of the learned surrogate that it was not worth while to subject the estate to the expense of an accounting, pending such review, which might result in a reversal of the judgments and thus deprive the appellants of any standing as creditors. In *Curtis* v. *Stilwell* (32 Barb. 354) the old General Term in this district approved the action of a surrogate who " suspended the accounting and distribution altogether and adjourned over the proceedings to await the judgment and decision of the Court of Appeals upon the appellant's claim." It was there held that the pendency of the appeal justified a suspension of the accounting; and we do not see why it may not justify a postponement of the accounting where none has yet been had, under such circumstances as are shown in the case at bar. If the circumstances change so as to make it wise to have the executor account before a decision is reached in the Court of Appeals, the surrogate will doubtless grant the requisite order under the leave which he has given for a renewal of the application.

The order should be affirmed.

All concurred.

Order affirmed, without costs.