### In re MERRITT'S ESTATE.

(Supreme Court, Appellate Division, Second Department. December 13, 1898.)

ACCOUNTING BY EXECUTORS.
> Code Civ. Proc. § 2727, authorizing the surrogate court to compel an accounting by an executor or administrator unless he show good cause to the contrary, makes the compelling of an accounting discretionary with the surrogate; hence he may refuse to compel an accounting on the application of judgment creditors of the estate, from whose judgment an appeal is pending.

Appeal from surrogate's court, Kings county.

In the matter of the estate of Hannah B. Merritt, deceased, Mary Ann Weeks and others, creditors, petitioned for an order requiring the executor to render an account. The accounting was denied, and petitioners appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John R. Kuhn, for appellants.
De B. Wilmot, for respondent.

WILLARD BARTLETT, J.    Under section 2727 of the Code of Civil Procedure, the surrogate's court is required to make an order directing an executor or administrator to account, unless such executor or administrator shows good cause to the contrary. The order rests in the sound discretion of the surrogate, and the appellate division cannot interfere with the exercise of that discretion except in cases where it has been abused. In re Adler, 60 Hun, 481, 15 N. Y. Supp. 227. We do not perceive that there was any abuse of discretion in refusing the order in the present proceeding. The judgments obtained by the appellants against the executor have been taken to the court of appeals for review. It seems to have been the idea of the learned surrogate that it was not worth while to subject the estate to the expense of an accounting, pending such review, which might result in a reversal of the judgments, and thus deprive the appellants of any standing as creditors. In Curtis v. Stilwell, 32 Barb. 354, the old general term in this district approved the action of a surrogate who "suspended the accounting and distribution altogether, and adjourned over the proceedings to await the judgment and decision of the court of appeals upon the appellant's claim." It was there held that the pendency of the appeal justified a suspension of the accounting, and we do not see why it may not justify a postponement of the accounting, where none has yet been had, under such circumstances as are shown in the case at bar. If the circumstances change so as to make it wise to have the executor account before a decision is reached in the court of appeals, the surrogate will doubtless grant the requisite order under the leave which he has given for a renewal of the application. Order affirmed.

Order affirmed, without costs. All concur.