total on the debit side of $106,598.90. The item on the credit side was $10,214.61, leaving a balance of $96,384.29, or a little less than the amount mentioned in the complaint. The defendant thereafter moved for a further bill of particulars, and his motion was denied. We think the account served was plainly sufficient, within the meaning of section 531 of the Code, and that the order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.

<hr>

(83 App. Div. 161.)

### In re BLUM'S ESTATE.

(Supreme Court, Appellate Division, Second Department.  May 28, 1903.)

1. ADMINISTRATORS—ACCOUNTING—NECESSITY.

> On a petition for an accounting by an administrator on the ground that more than 18 months had elapsed without an accounting, petitioner showed on information and belief that his testator had recovered a judgment against the administrator's intestate in 1902, which remained unpaid, etc. Citation issued, and on the return day the administrator made affidavit that her intestate died in 1898; that letters were issued to her in that year; that up to the time the citation issued she had never heard of petitioner's judgment, or of any other debts that were unpaid; that all the estate had been distributed, etc. She did not show that she had protected herself by the publication of a notice for claims, or that she had made any other effort to ascertain whether there were outstanding claims. Held error to refuse an accounting.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Hippolyte Blum. Richard H. Stone, as executor of Frederick Stone, deceased, a judgment creditor of the estate, petitioned for an accounting by Marie Blum, the administratrix. From the order denying the petition, petitioner appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Herman H. Baker, for appellant.
Charles B. Law, for respondent.

JENKS, J. The petitioner moved that the administrator be cited to show cause why she should not render her accounts, judicially settle them, and pay his claim, on the ground that more than 18 months had elapsed without an accounting since the appointment of the administrator. He showed on information and belief that his testator, on January 28, 1902, had recovered a judgment against the intestate for $1,154, which was wholly unpaid; that there were no offsets; and that it was not secured by mortgage charged upon the real estate of the said intestate. The citation was issued, and upon the return day the administrator made affidavit that her intestate died in 1898; that letters were issued to her in that year; that he left no property, real or personal, except a life insurance policy, which realized $954, and a business which was sold for $250. And she further deposed that up to the time the citation was served upon deponent she had never heard or known of the existence of said judg-

ment in favor of Frederick Stone, or of any other debts that were not paid by deponent shortly after assuming the duties of administratrix, as hereinafter shown; that during all of the nearly 4½ years since letters were issued to deponent the petitioner has rested on his rights, and failed to acquaint deponent of the existence of his claim; that since assuming the duties of administratrix deponent has paid moneys out of said $1,024.02 received by her as aforesaid for funeral bill, for creditors of deceased, for cemetery plot and fence, and for expenses of administratrix. She also deposed that the claims of the creditors paid as aforesaid were presented in the regular way, and were promptly paid; that she is advised by her counsel, and verily believes, that she is entitled to quarantine to the amount of $150; that, in addition thereto, she is entitled to her commissions as administratrix; that in fact the whole estate has long since been distributed, and there is nothing in deponent's hands applicable to the payment of this petitioner's claim, and no good end could be accomplished by an accounting, but only useless expense to deponent.

In Matter of Merritt's Estate, 35 App. Div. 337, 338, 54 N. Y. Supp. 955, 956, we held, per Willard Bartlett, J.:

"Under section 2727 of the Code of Civil Procedure, the Surrogate's Court is required to make an order directing an executor or administrator to account, unless such executor or administrator shows good cause to the contrary. The order rests in the sound discretion of the surrogate, and the Appellate Division cannot interfere with the exercise of that discretion except in cases where it has been abused. Matter of Adler, 60 Hun, 481 [15 N. Y. Supp. 227]."

The question is whether the administrator has shown such good cause why she should not account that we should not interfere with the exercise of discretion by the learned surrogate. It must be remembered that the petitioner is asking for his statutory right, and that relatively the administrator is resisting that right. Redfield, Law and Practice of Surrogate's Courts (6th Ed.) 933. The strength of the plea of the administrator rests upon her ignorance of the claim, the delay of the creditor, and her alleged winding up of the estate. But her affidavit fails to show that she availed herself of the protection afforded by the statute (section 2718, Code Civ. Proc.), by the publication of a notice for claims, or even that she made any other effort to ascertain whether there were outstanding claims. I think that it would be a dangerous practice to absolve an administrator from the statutory duty to account, although it never appeared that he had ever availed himself of the statute's protection against unknown and unfiled claims, and had never made any other effort to ascertain the existence thereof, upon the mere plea that he was ignorant of the claim, that the creditor for a considerable time had not made his claim known, and that the estate in the meantime had been wound up. Especially is this true when the debt is a judgment, and consequently of record.

The order should be reversed, and the proceedings remitted to the Surrogate's Court for action in accordance with this opinion.

Order reversed, with $10 costs and disbursements, and proceedings remitted to the Surrogate's Court for action in accordance with this opinion. All concur.