In the Matter of the Judicial Settlement of the Account of WILLIAM L. CLAY, as Executor, etc., of ELIZABETH HUSCHER, Deceased.

WILLIAM L. CLAY, Individually and as Executor, etc., of ELIZABETH HUSCHER, Deceased, Appellant; EDWARD O. T. THOMAS, Respondent.

Fourth Department, May 26, 1937.

*William L. Clay, in pro per,* appellant.

*Arthur L. Stern,* for the respondent.

CROSBY, J.  Letters testamentary were issued to appellant on May 3, 1934.  On June 24, 1935, the surrogate made a decree, in an accounting proceeding, directing the distribution of the funds of the estate.  Distribution was made accordingly.  It so happened that the entire net estate was directed to be paid, and was paid, to a judgment creditor of testatrix.  The respondent upon this appeal was also a judgment creditor whose judgment was docketed prior to the judgment that was paid, but appellant had no actual knowledge of respondent's judgment.  Appellant did not publish a notice to creditors to present their claims, as he might have done (Surr. Ct. Act, § 207), but he waited much more than seven months before he finally settled the estate.  Section 208 of the Surrogate's Court Act reads as follows: " Effect of failure to present claim pursuant to notice.  If a claim against a deceased person be not presented to the executor or administrator on or before the day fixed for presentation of claims in the notice to creditors, published pursuant to section two hundred and seven, or, if no notice be published, within seven months from the date of issue of letters, the executor or administrator shall not be chargeable for any assets or moneys that he may have paid in satisfaction of any lawful claims, or of any legacies, or in making distribution to the next of kin before such claim was presented."

The clear meaning of that section is that the executor is protected from personal liability in making lawful payment or distribution of the funds of the estate after he has published a notice to creditors, or after waiting seven months from the date of his letters whether or not he has published such notice.

Yet the courts have always held that the protection afforded by section 208 does not go so far as to shield the executor if he has made payment or distribution in bad faith.  And it has always been held that good faith requires the executor to recognize claims of which he has knowledge, at least to the extent of citing the claimants upon his final accounting.  (*Matter of Gill*, 199 N. Y. 155.)

The decree of the surrogate rests squarely upon the proposition that the respondent's judgment, which was a matter of public record, was something of which the executor knew or must be deemed to have known, particularly as the estate was all paid out to a judgment creditor.

We do not think that knowledge of the existence of one judgment constitutes notice that there are other judgments, any more than knowledge of one note is a warning that there are other notes.  The decree, if upheld, must rest upon the theory that an executor must, in order to show good faith, examine the judgment docket

not only in his own county but in every county in the State. It will, of course, be suggested that the executor can easily escape that arduous duty by the simple process of publishing the notice to creditors. But section 208 makes no distinction between the protection afforded by the published notice and the protection afforded by holding up all payments of claims and distribution of funds until at least seven months have elapsed after the date of letters.

It has been said in a leading case on the question before us: " Clearly the existence of the judgment would not of itself be sufficient notice of the fact to convict the executor of bad faith." (*Matter of Recknagel*, 148 App. Div. 268, 274.)

It is true that, in that case, there had been published a notice to creditors, but the point decided was that the executor was not charged with bad faith in distributing the estate in ignorance of a judgment of record.

*Matter of Blum* (83 App. Div. 161) is not, in any sense, an authority to the contrary. In that case the administratrix not only did not advertise for creditors, but did not account at all for nearly four and one-half years, and after claiming to have paid out all the funds of the estate resisted an attempt, by a judgment creditor of her intestate, to compel her to account. The surrogate decided that she did not have to account. That decision was based upon her verified answer stating that she had paid out the entire estate in ignorance of the judgment. In reversing the surrogate's decree the Appellate Division held only that the administratrix should account. That was, of course, correct. Otherwise how could it be ascertained whether or not she had in fact paid out all the funds of the estate, or whether or not she acted in bad faith?

In the instant case it is undisputed that the funds of the estate have all been disbursed in accordance with a decree of the surrogate, and it is also undisputed that the executor had no knowledge of respondent's judgment.

The decree should be reversed upon the law, with costs, and the proceeding dismissed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, CUNNINGHAM and TAYLOR, JJ.

Decree reversed on the law, with costs, and proceeding dismissed, with costs.