In the Matter of the Judicial Settlement of the Accounts of BLANCHE
WOOLEY, as Administratrix, etc., of CHARLES HENRY WOOLEY,
Deceased.

ROBERT E. HENNESSY, Objecting Creditor, Appellant; BLANCHE
WOOLEY, as Administratrix, etc., of CHARLES HENRY WOOLEY,
Deceased, Respondent.

Fourth Department, June 28, 1938.

*Herbert W. Holtz,* for the appellant.

*Julius Himelfarb,* for the respondent.

*George Goodstein* [*Milton A. Sadolsky* and *Emanuel Bund,* with
him on the brief], for New York State Funeral Directors and
Embalmers Association, Inc., *amicus curiæ.*

LEWIS, J. Is the payment of the reasonable funeral expenses of
a decedent to be given mandatory preference over the exemption
granted to a surviving spouse by subdivision 4 of section 200 of the
Surrogate's Court Act, as amended by chapter 486 of the Laws of
1932?

We are to determine this question upon an appeal from a surro-
gate's decree in the final judicial settlement of the account of an
administratrix. The decedent died intestate November 5, 1936,
survived by a widow and three children, of full age, as his only
distributees. His gross estate consisted of cash in bank in the
amount of $83.90 and an automobile valued at $300. The widow

qualified as administratrix and has filed an account in which the decedent's entire estate has been set off to her as a statutory exemption. At a formal hearing held by the surrogate upon the settlement of the account thus filed the creditor-appellant, a licensed undertaker, objected to the approval of the account in so far as it sets off to the decedent's widow as an exemption under section 200 of the Surrogate's Court Act, the entire assets of his estate in preference to his claim of $300 for the decedent's funeral expenses which remain wholly unpaid.

Upon this appeal from a decree which overruled appellant's objection and approved the account as filed, it is urged that by chapter 486 of the Laws of 1932 the Legislature so amended subdivision 4 of section 200 of the Surrogate's Court Act as to give mandatory preference to the payment of the reasonable funeral expenses of a decedent over money or other personal property not exceeding in value $300 which the statute directs shall be set off to the surviving spouse or child.

The statute with which we are concerned provides in part:
" § 200. *Exemption for benefit of family.* If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children:  *   *   *

" 4. Money or other personal property not exceeding in value three hundred dollars except, however, that the administrator or other representative of the estate may, where there are insufficient assets in the estate to pay the reasonable funeral expenses of the decedent, apply any such money or other personal property in the estate to pay any deficiency in the payment thereof."

In support of the appellant's position we are told that the burial of the dead is not only a common-law duty in the interests of public health and decency (*Patterson* v. *Patterson,* 59 N. Y. 574, 582, 586), but that it has more recently been made a statutory duty. (Penal Law, § 2211.) It is also said that if the decree now before us is a correct interpretation of the law there will occur many instances when reasonable funeral expenses will become an obligation of the State or its political subdivisions because assets, left by a decedent and sufficient to meet that expense, have been set off as a statutory exemption to the surviving spouse. To obviate such consequences we are asked, in effect, to construe the Legislature's use of the word " may," as it appears in subdivision 4 of section 200 of the Surrogate's Court Act, to mean " must," the argument being that the legislative intent was to make it a mandatory duty, not a permissive right, to meet any deficiency in the

payment of a decedent's funeral expenses from money or other personal property not exceeding in value $300, set off as a statutory exemption to the surviving spouse or child.

We are not unmindful of the many instances where courts have interpreted the word " may " in statutory settings to mean " must." When the cases are examined, however, it will be seen that such interpretation has prevailed only where the statute under construction, when viewed as a whole and in the light of circumstances leading to its enactment, indicated a legislative purpose to enact a law mandatory in character.

Here we find nothing in the context so repugnant to the clear intention of the Legislature as to prompt us to pervert " may " from its literal meaning which connotes permission, and to substitute the mandatory " must." By doing so we would, in effect, amend the statute while professing to construe it and thus exceed our judicial power.

As an aid to interpretating this particular section we have considered the language employed by the Legislature in kindred statutes. For example, when provision was made by section 212 of the Surrogate's Court Act for the sequence in which debts of a decedent should be paid, the Legislature employed " must " to fix the order of precedence. Likewise in section 216 of the same article, wherein a proceeding to compel the payment of funeral expenses is provided, the word " shall " was chosen to fix the preference to be given such payment. In the same section however, " may " was used to describe the permissive right accorded a claimant to bring a proceeding to compel the payment of funeral expenses. It is also to be noted that section 216 was amended by chapter 202 of the Laws of 1936, by a significant substitution of " may " for " shall." (See *Matter of Derry*, 161 Misc. 135.) However, when the same Legislature added a new paragraph to section 200 of the same article — the section we are now construing — it did not displace " may " as there used. (Laws of 1936, chap. 659.)

We reach the conclusion that if subdivision 4 of section 200 of the Surrogate's Court Act is to be made mandatory in favor of a claimant for unpaid funeral expenses of a decedent, that end cannot be brought about by judicial construction but must be accomplished by legislative action after full consideration is given to the result sought.

Accordingly the decree should be affirmed, with costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Decree affirmed, with costs.