In the Matter of the Estate of FRANK REINHARDT, Deceased.

Surrogate's Court, Kings County, May 22, 1952.

*Lerman & Trace* for William Reinhardt and another, petitioners.

*John Baehr* for Catherine Reinhardt, as administratrix of the estate of Frank Reinhardt, deceased, respondent.

Rubenstein, S. Petitioners, a brother and a sister of the decedent, have petitioned for the recovery of $513.30 from the administratrix of this estate, allegedly incurred by them for intestate's funeral expenses. The administratrix interposed an answer resisting payment, primarily on the ground that more than seven months after letters were issued to her by this court she distributed the sum of $1,000, the only asset of the estate, to the sole infant distributee, without knowing that the funeral expenses were not paid. She contends, therefore, that under section 208 of the Surrogate's Court Act she is not chargeable for any of the moneys so distributed.

A trial of the issues raised by the pleadings was had. The testimony adduced included that of the funeral director employed by the petitioners. On all the proof, the court finds that the greatest permissible amount which may be chargeable against the estate for funeral expenses, considering the limited value of the assets, is $250. The petitioners having paid more than that amount to the funeral director are entitled to recover the sum of $250 from the administratrix (Surrogate's Ct. Act, § 216; *Matter of Powers,* 75 Misc. 85; *Matter of Tangerman,* 226 App. Div. 162).

While the notice prescribed by section 207 of the Surrogate's Court Act is merely permissive, distribution of the assets of the estate, even if it be more than seven months after the letters have been issued, must be made in good faith and without knowledge on the part of the administratrix that debts of the intestate remain unpaid (*Matter of Recknagel,* 148 App. Div. 268).

Ordinarily, a representative of an estate is not required to investigate beyond the known affairs of the intestate as to debts he might have left unpaid. That rule rests squarely upon the proposition that there is no presumption that he leaves unpaid debts at his death (see *Matter of Huscher,* 251 App. Div. 156), and the burden to prove the contrary rests on the claimant (*Matter of Frommelt,* 154 Misc. 81). However, in the instant case, the court is of the opinion that the administratrix is charged with knowledge that expenses were incurred for intestate's funeral and should have inquired whether any claim therefor was asserted against the estate, since funeral expenses

are a first charge against the assets (Surrogate's Ct. Act, § 216; *Patterson* v. *Patterson,* 59 N. Y. 574).

It appears that the administratrix made no effort to determine whether the funeral expenses had been paid. Since the burial of a human being is a common-law duty imposed to maintain public health and decency (*Matter of Wooley,* 255 App. Div. 93), she should have made some effort to ascertain the facts of intestate's burial.

It must be presumed that some one discharged that duty and incurred expenses therefor. It is a matter of common knowledge, and of which the court takes judicial notice (Administrative Code of City of New York, § 982–8.0), that the records of death of persons dying in New York City must be filed with and kept by the department of health (Administrative Code, § 567–1.0), and that bodies may not be removed from the place of death without a permit for such removal from said department (Sanitary Code of City of New York, § 38). The identity and address of the funeral director who buried the intestate, and through him the identity and address of the person who employed him for that purpose, were ascertainable from the certificate of death which was available to the administratrix at the office of the board of health, in the borough of Brooklyn, city of New York, where death occurred.

Section 216 of the Surrogate's Court Act, in part, provides: " Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased."

The administratrix does not claim that she paid any claims preferred to the funeral expenses, or that she paid the funeral expenses (cf. *Matter of Tangerman,* 226 App. Div. 162, *supra*).

In *Newton* v. *Scott* (254 App. Div. 140, 143) the court quoted the rule, which is applicable here, to be as follows: " ' One who has reasonable grounds for suspecting or inquiring, ought to suspect, ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose. * * * If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary thoughtfulness and care, to make further accessible inquiries, and he avoids the inquiry, he is chargeable with knowledge which by ordinary diligence he would have acquired. Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed.' (*Fidelity & Deposit Co.* v. *Queens*

*County Trust Co.,* 226 N. Y. 225, 233; *Ward* v. *City Trust Co.,* 192 id. 61, 70, 71.) '' (See, also, *Watterson* v. *Tremaine,* 24 N. Y. S. 2d 830; *Williamson* v. *Brown,* 15 N. Y. 354, and 51 C. J. S., Knowledge, p. 466.)

The court, therefore, has reached the conclusion that the circumstances disclosed in this proceeding warrant the finding that the administratrix knew or should have known that expenses had been incurred in the disposition of intestate's remains, which were a first charge against his estate, and for that reason she is liable for the reasonable value thereof as heretofore fixed by the court.

Submit decree, on notice, accordingly.