S. Samuel Di Falco, S.
This is an application by the executrix to vacate an order for a compulsory accounting, to dismiss the original petition and in the event the application is denied that her time to account be extended.
On the creditors’ original application it appeared that proof of claim was served and not rejected more than three years after the grant of letters. The application was not opposed. The executrix now alleges that the only asset of the estate was a cause of action for personal injuries and wrongful death which was settled for a substantial sum and that long prior to receipt of the claim she made final distribution of the proceeds and paid all claims then known to her. She was the sole distributee of the decedent and sole legatee under the will. There was no formal accounting and decree discharging her. The only excuse now offered for not previously bringing these facts to the attention of the court is that she was unable to locate her records until after the order was entered.
Section 260 of the Surrogate’s Court Act, provides that unless good cause to the contrary is shown, an application to compel an account must be granted. Section 208 of the Surrogate’s Court Act, provides that if a claim is not presented within seven months after the issuance of letters the fiduciary shall not be chargeable for making distribution before such claim is presented. The executrix urges that the creditors’ only remedy is to bring an action in the proper forum as provided in section 170 of the Decedent Estate Law.
It is well settled that such distribution must be made in good faith and knowledge of the claim would bar the executrix from the protection of the statute (Matter of Recknagel, 148 App. Div. 268; Matter of Huscher, 251 App. Div. 156; Matter of Reinhardt, 202 Misc. 424).
Furthermore it is to be noted that since she is the sole legatee and distributee she is by operation of law a trustee for the benefit of creditors (Blood v. Kane, 130 N. Y. 514).
Whether or not the executrix had knowledge of the claim presents an issue of fact which would have been the subject of a preliminary hearing on the application to compel an account had the alleged facts been presented at that time (Matter of *205 Recknagel, supra, and cases cited). There the issue was raised on the original application to compel an account. The executor had already settled his account without citing the creditor and had made distribution under a decree. The Surrogate directed a further accounting. The Appellate Division held that the creditor in order to compel the accounting must have first affirmatively established that the executor had knowledge of his claim, and remitted the proceeding to the Surrogate for hearing on that issue.
In the instant case, however, the order was entered without opposition. There is now raised the issue not only as to whether there was knowledge of the claim but also as to whether distribution was properly made.
As said by the court in Matter of Huscher (supra) where although on the facts the court held in favor of the fiduciary it was nevertheless stated at page 158: “ Matter of Blum (83 App. Div. 161) is not, in any sense, an authority to the contrary. In that case the administratrix not only did not advertise for creditors, but did not account at all for nearly four and one-half years, and after claiming to have paid out all the funds of the estate resisted an attempt, by a judgment creditor of her intestate, to compel her to account. The surrogate decided that she did not have to account. That decision was based upon her verified answer stating that she had paid out the entire estate in ignorance of the judgment. In reversing the surrogate’s decree the Appellate Division held only that the administratrix should account. That was, of course, correct. Otherwise how could it be ascertained whether or not she had in fact paid out all the funds of the estate, or whether or not she acted in bad faith! ”
In Matter of Gill (183 N. Y. 347) the Court of Appeals reversed the lower courts and directed an accounting where, although the executrix advertised for claims, she nevertheless distributed the entire estate without a formal accounting and decree.
The application to vacate the order and to dismiss the petition is denied and the executrix will be allowed an additional 20 days to account. Submit order on notice.