OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs, motion for summary judgment denied and complaint reinstated.
Plaintiff instituted this action against the executrix of the estate of Winona Wilson, in her representative capacity, to *978 recover "brokerage fees” on the sale of premises which had been owned by the decedent. Although plaintiff did not bring about the sale, the right to recover such commission was allegedly contained in a management contract between plaintiff and the decedent, wherein decedent was obligated to pay plaintiff a sales commission in the event the property was sold during the term of the agreement.
Defendant moved for summary judgment and the motion was granted under the authority of SCPA 1802. That section, so far as relevant, provides that if a claim is not presented within seven months after issuance of letters testamentary, the fiduciary shall not be chargeable for any assets or money that he or she paid out in good faith in satisfaction of any lawful claims or of any legacies or distributions to the legatees or distributees of the decedent before such claim was presented. The meaning of this section is that the executrix is protected from personal liability in making lawful payments or distributions after waiting seven months from the date of her letters (Matter of Huscher, 251 App Div 156). However, while protection is offered the executrix from personal liability, section 1802 does not preclude an action against her in her representative capacity. It is specifically provided in SCPA 1810 that nothing in SCPA article 18 shall prevent a claimant from commencing an action on his claim in law or equity, and a creditor of the estate may pursue an action on his claim without ever presenting his claim to the fiduciary or taking any action in the Surrogate’s Court (42 NY Jur 2d, Decedents’ Estates, § 2133; 27 Carmody-Wait 2d, NY Prac § 159:19). It should be noted that in an action against a personal representative in her representative capacity, she may not even plead the nonexistence or insufficiency of assets in the estate, nor shall plaintiff’s right to recovery be affected thereby (EPTL 11-4.5).
Any judgment obtained against an estate fiduciary is not a judgment in the ordinary connotation of the term (Leighton v Roper, 300 NY 434) but merely establishes as a prima facie matter that a debt existed. The effect of it is to transform an unestablished claim into a proved debt against the assets of the estate in the hands of the fiduciary (Matter of Van Nostrand, 177 Misc 1). No execution may issue on the judgment without an order from the Surrogate (EPTL 11-4.6) and, obviously, if the executrix has properly distributed the assets of the estate, plaintiff may be relegated to an action against the beneficiaries (EPTL 12-1.1). However, that is not before us *979 and the only issue we have on this appeal is the dismissal of the action. Inasmuch as summary judgment was improperly granted, the order must be reversed and the complaint reinstated.
Kassoff, P. J., Pizzuto and Williams, JJ., concur.