Stokes *v.* Macken.

New trial granted.

[ONONDAGA GENERAL TERM, October 1, 1861. *Mullin, Bacon* and *Allen,* Justices.]

————•◦•————

## JANE STOKES *vs.* PETER MACKEN.

62b 145
64ad281

If a court has no means of information as to what the law of another country or State is, it will act upon its own laws. But if such country once constituted a part of the same kingdom or government with that where the court sits, and they were governed by the same laws, the court will take judicial notice of the laws which prevailed in both before their separation, as matter of public history, and presume them unchanged, till the contrary be shown.

The United States having been once a part of the British empire, our courts take judicial notice that the common law was in force within her dominions at the time of our separation; and in the absence of proof to the contrary, they presume, also, that that law remains unchanged.

Where a marriage was solemnized in England, between parties who were citizens of that country, at the time; *Held* that the rights of the husband in the property of the wife, at and after the marriage, were regulated by the common law.

And that, upon such marriage, the husband became the owner of the property then owned by the wife; and although he may have permitted her to retain possession of it, or to invest it in trade, or in other property, his right to the property, or that into which it had been converted by the wife as his agent, still continued, and was the subject of levy and sale on execution issued against him.

Prior to the passage of chapter 90 of the laws of 1860, a husband was entitled to the wife's earnings during the coverture.

Stokes *v.* Macken.

APPEAL by the plaintiff from a judgment of the county court of Onondaga county reversing the judgment of a justice of the peace.

A. L. Johnson recovered a judgment in a justice's court, against Robert Stokes, the husband of the plaintiff. On this judgment execution was issued to the defendant, a constable of Syracuse, who called at the residence of said Robert, and demanded payment of the execution, which was refused. The defendant then levied on certain property, to recover the possession of which, this action is brought.

The plaintiff, the wife of Robert Stokes, was the owner, in her own right, of $400, at the time of her marriage, which was solemnized in England, (of which country the parties were citizens, at the time,) some 12 years ago. This money the plaintiff brought with her to this country. She and her husband went to Syracuse, soon after her arrival here. She rented a house in that city, and opened a grocery, paid the rent and carried on the business in her own name. Some three years ago she returned to England, and received there some $400, how, or from whom, she does not disclose.

Some of the property taken was purchased with the money brought with her from England when she first came over, and part purchased since with the proceeds of her business, or the money last received in England. The plaintiff recovered, before the justice, and the judgment was reversed by the county court, on appeal.

*John Molloy,* for the appellant.

I. The act of the legislature passed April 7, 1848, and the amendments of April 11, 1849, give to married women the absolute title and the control of all property which they may receive from any source. (*Sess. Laws of 1848, p.* 307, *ch.* 200. *Sess. Laws of 1849, p.* 528, *ch.* 375.) In this case the property was acquired after the passage

Stokes *v.* Macken.

of the acts referred to. The evidence shows that what means the respondent had belonged to her in her own right.

II. Whatever the laws of England might have been when the parties were married, they cannot affect the rights of the wife under the existing laws of this State. *(See Sess. Laws before cited, and the Laws of 1860, p. 157, ch. 90.)*

III. The evidence clearly shows that the respondent carried on business with her own means and in her own right. This is uncontradicted, and the jury so found, as a question of fact. The jury also found, as a question of fact, that the property belonged to the respondent. This court will not disturb the verdict of a jury on questions of fact. (*Rathbone* v. *Stanton*, 6 *Barb.* 141. 12 *id.* 261, *and cases cited.*)

IV. It would be injustice to the respondent to allow her property to be taken for the payment of the husband's debts, and the object of the law referred to would be entirely defeated. The evidence is conclusive as to the ownership of the property; it was bought with her own money. The evidence shows that Hensen foreclosed a mortgage on the property, and she bid them in on the sale.

*A. L. Johnson*, for the respondent.

I. The marriage being solemnized in England, and the plaintiff having in her possession the property, or the money with which the property was purchased, at the time of the marriage, by the laws of England the money and property, by virtue of the marriage, became the property of Robert Stokes, the husband, and being vested in him by the marriage, could never again revest in the wife. (2 *Wend. Black.* 433 *to* 435. *Co. Lit.* 352.)

II. The property having been vested in the husband by the laws of England, when the marriage took place, the act of 1848 did not affect it. For that act did not, nor

does it pretend to revest in the wife, property which had become vested in the husband by virtue of the marriage. (*Snyder* v. *Snyder*, 3 *Barb.* 621. *Holmes* v. *Holmes*, 4 *id.* 295. *White* v. *White*. 5 *id.* 474.)

III. The marriage being solemnized in England, the rights of the parties are governed by laws in existence at the time and place where the contract was made, under the rule of *lex loci contractus.* (*Lodge* v. *Phelps*, 1 *John. Cas.* 139. *Andrews* v. *Herriot,* 4 *Cowen*, 508, *and cases cited. Thompson* v. *Ketcham*, 8 *John.* 189. *Hyde* v. *Goodnow*, 3 *Comst.* 266.) Rights dependent on the nuptial contract are governed by the laws where the contract was made. (3 *John. Ch.* 190.)

IV. When the court or jury mistake the law in their decision, this court will correct the error on appeal. (1 *Hill*, 87. 6 *id.* 326.)

*By the Court,* MULLIN, J. It is not shown what rights husbands acquire, in the property of their wives, by virtue of the marriage, by the laws of England in force when the plaintiff and her husband were married. In the absence of proof of the law of England, are we to presume the common law, in regard to the rights of a husband in the property owned by the wife at the marriage, as well as that subsequently acquired, to be in force, or the law of this State?

The general rule laid down in *Avoy* v. *Carroll,* (1 *Mill. Louis. R.* 541,) and *Crozier* v. *Hodge*, (3 *id.* 358,) is that if the court has no means of information as to what the law of another country or state is, it will act upon its own laws. But if such country once constituted part of the same kingdom or government with that where the court sits, and they were governed by the same laws, the court will take judicial notice of the laws which prevailed in both before their separation, as matter of public history, and presume them unchanged, till the contrary be shown.

The court say : "We have looked into the jurisprudence on this subject, and do not discover that the different States of the Union require proof that the common law prevails in each, or that it has ever been deemed necessary to establish by testimony that the same system governs in England. It is true they require proof of British statutes which never were in force in their own state." (*Holmes* v. *Broughton*, 10 *Wend.* 75, 78. 1 *Mass.* 103. 2 *id.* 34. 1 *Pick.* 415. *Monroe* v. *Douglass*, 1 *Seld.* 447. *Cutler* v. *Wright*, 22 *N. Y.* 472.

Having been once a part of the British empire, we take judicial notice that the common law was in force within her dominions at the time of our separation. And we presume, also, that that law remains unchanged, in the absence of proof to the contrary. The rights of the husband in the property of the wife, at and after the marriage, were regulated by the common law, and we must assume that the husband's rights were the same at the time of the plaintiff's marriage as at the time of the separation. By the common law, the husband, on the marriage, became vested with the title to the personal property of the wife, and with the right to all that she acquired during the coverture.

Robert Stokes, then, on his marriage with the plaintiff, became the owner of the property then owned by the wife; and although he may have permitted her to retain possession of it, or to invest it in trade, or in other property, his right still continued, to the property, or that into which it had been converted by the wife, whom the law made the agent of the husband, in her dealings with the property.

As part of the property for which the action was brought was purchased with the money owned by the wife at the time of the marriage, and as there is no means furnished by which to distinguish such property from that purchased with the money last received in England, this judgment

must be reversed, whatever the wife's interest may be in the money last named.

Prior to the passage of chapter 90 of the laws of 1860, the husband was entitled to the wife's earnings during the coverture. A part of the property taken by the defendant was purchased with those earnings. As to so much of the property, also, the plaintiff was not entitled to recover; and no means are afforded by which we can distinguish that part from that to which she may be entitled.

Without examining the question whether the plaintiff is entitled to recover for so much of the property as she can prove to have been purchased with the money last received from England, I am entirely satisfied that the judgment of the justice was properly reversed by the county court; and that the judgment of the latter court ought to be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, October 1, 1861. *Allen, Mullin, Morgan* and *Bacon,* Justices.]