## CALEB D. GILDERSLEEVE *against* WILLIAM P. DIXON AND OTHERS.

(Decided April 28th, 1875).

Under § 12 of the Manufacturing Corporations Act (L. 1848, c. 40), which provides that an annual report shall be made " *and filed* in the office of the clerk of the county," and that upon a failure of any company so to do, the trustees shall be liable for the debts of the company,—*Held*, that *the filing* of the report within the time prescribed by the act is necessary to prevent the statutory liability from falling on the trustees, and that the making and publishing of the report as required by the statute is not alone sufficient.

APPEAL by defendants from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court entered on the decision of Judge SPAULDING of that court, after a trial before him without a jury.

The action was brought against the defendants to charge them as trustees of the Middlefield Marble Company, a corporation organized under the general manufacturing company's act (L. 1848, c. 40), with a debt of the company under § 12 of the act, on the ground that the company had failed to make *and file* an annual report, as required by that section of the act.

No evidence was given on the trial, but a stipulation as to the facts was made by the attorneys for the respective parties, upon which the case was determined. The facts shown by the stipulation are stated in the opinion.

*W. T. Birdsall*, for appellants.

*Horace Andrews*, for the respondent.

As to the necessity of filing the report cited. (*Vincent* v. *Sands*, 33 S. C. 1 J. & S. 516; *Boughton* v. *Otis* 21 N. Y. 262, 264; *Garrison* v. *Howe*, 17 N. Y. 464).

LARREMORE, J.—By the stipulation upon which this case was tried, it appeared that prior to January 1, 1874, the Middlefield Marble Company was organized under the act passed February 17, 1848, entitled "an act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," and the acts amendatory thereof. This corporation was in existence when this suit was commenced, having its principal office and place of business in the city and county of New York, and of which the defendants with others were trustees.

Between the 7th and 24th days of January, 1874, one Pattison sold and delivered goods and merchandise of the value of $343 69 to said corporation, which on the day last named gave its promissory note for that amount at four months, to the order of said Pattison, who before the maturity of said note indorsed the same to plaintiff, and the same is still unpaid.

On January 20, 1874, said company made its report as re-

quired by section 12 of said act, which was duly published on that day, but was not filed until January 29, 1874.

By section 12 of the act referred to, every company organized thereunder is required annually, within twenty days from the first day of January, to make a report, which shall be published &c., " and filed in the office of the clerk of the county where the business of the company shall be carried on ; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

Was the filing of said report by the said company on January 29, 1874, a compliance with the statute?

In the case of the *Huguenot Bank* v. *Studwell*, decided at the general term of this court in March, 1875 (reported *ante*, p. 13), the question of the liability of trustees under said act was fully examined, and the authorities reviewed. It is unnecessary, therefore, to recapitulate the reasons which sustain that decision.

The liability of the defendants depends upon the construction to be given to said section 12, which requires the report to be filed. Such liability continues until " such report shall be made." Is it so made in the intention of the statute, if not filed within the time prescribed therein? It's language is mandatory, every company " *shall make* " a report, which *shall* be signed and published and filed. Each requirement of the statute appears to be a part of the whole scheme devised for the protection of those dealing with such corporations.

To hold that the statute is mandatory as to the time in which the company shall *make* the report, and is directory only as to its publication or filing, might defeat the object of the enactment. If the publication and filing of such a report would be valid twenty-nine days after January 1st, why invalid if delayed for any longer period? The whole spirit and sense of the statute is best preserved in a construction that unites all of its requirements in constituting and fixing the liability for which it provides.

By the failure to file the report in question within the

twenty days a distinct statutory liability was incurred by the defendants, for which they might be prosecuted, either jointly or severally, by the plaintiff, and this notwithstanding he had taken proceedings against the said company to enforce a cumulative remedy for the original debt.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment affirmed.