## N. Y. COMMON PLEAS.

ELIZA J. GRAVES, plaintiff and respondent, agt. ALEXANDER
CAMERON, defendant and appellant.

*Landlord and tenant — Foreign laws — Abandonment of premises demised.*

At common law, the abandonment of untenantable premises constituted
no defense to the tenant in an action by the landlord for the rent.

Where the demised premises are situated in another state, the law of that
state governs the rights and liabilities of the parties, and, in the absence
of a plea and proof by the defendant of some statute of the other state
changing the common law rule, the courts of this state must presume
that the common law governing the matter is in force in such state.

An entirely new defense cannot be interposed at the trial by way of
amendment, and a refusal by the trial justice to permit the tenant to
amend upon the trial, by pleading the foreign statute, was not error.

*General Term, November,* 1879.

THE action, which was commenced in the New York marine
court, was brought to recover five months' rent of premises
on Pavonia avenue, Jersey City Heights. The defendant
defended upon the ground that he abandoned the premises
before the rent claimed became due, on account of their
untenantableness. The action was tried before Mr. justice
MCADAM, who held that the premises, being in New Jersey,
the rights and obligations of the parties were to be construed
with reference to the common law, which was presumably in
force there, and that, by the common law, a tenant took premi-
ses for better or worse, and could not defend upon the ground
that they had become untenantable. That, if there was a
statute in New Jersey modifying this rule, it ought to have
been pleaded and proved. The defendant offered to amend
upon the trial by pleading, and then proving the New Jersey
statute. This the trial judge refused, upon the ground that
a new substantive defense could not be introduced at the trial
by amendment.

A question of surrender and acceptance having been submitted to the jury, and decided adversely to the defendant, judgment was entered in favor of the plaintiff for the amount claimed. The defendant thereupon appealed. The marine court, general term, affirmed the trial judge, and the matter was brought into the common pleas for review.

*Becker & Carter*, for appellants.

*A. B. Malcomson*, for respondent.

VAN HOESEN, *J.* — The defendant hired a house in New Jersey, which he abandoned before the expiration of the term, and he attempts to justify his action under the act of the legislature of the state of New York, known as chapter 345 of the Laws of 1860.

He does not actually assert that the laws of the state of New York govern leases or property situated in New Jersey, but he insists that as there was no proof as to what the law of New Jersey is, we must assume that the legislature of that state has followed the lead of the state of New York in so changing the common law as to permit tenants to abandon tenements which have become untenantable. In *McCulloch* agt. *Norwood* (58 *N. Y.*, 567), the court of appeals said in reference to the proposition that the statute law of another state must be presumed to be the same as the statute law of New York, " it is difficult to find any reason upon which such a rule can rest, and when the question is distinctly presented we regard it as still open to examination." Until the court of appeals shall announce a contrary doctrine, we must be governed by the decision of this court in *Waldron* agt. *Ritchings* (3 *Daly*, 288), which is in accord with a long line of adjudications in the supreme court ( *Wright* agt. *Delafield*, 23 *Barb.*, 498 ; *White* agt. *Knapp*, 47 *Barb.*, 549 ; *Pomero* agt. *Ainsworth*, 22 *Barb.*, 129 ; *Holmes* agt. *Boughton*, 10 *Wend.*, 75 ; *Stokes* agt. *Macken*, 62 *Barb.*, 145).

In the case of *Waldron* agt. *Ritchings*, chief justice DALY said that the common law was presumed to prevail in every state of the Union until the contrary was shown.

At common law, the abandonment of the premises by the tenant would have been no defense to an action against him for the stipulated rent.

The justice at the trial term was unquestionably right in his ruling. There is nothing in the exception to the refusal of the justice to permit the defendant to amend his answer at the trial, by setting up as a defense the existence of a New Jersey statute which authorizes a tenant to abandon demised premises on their becoming untenantable. As the justice said, it would be permitting the defendant to set up a new substantive defense.

It is unnecessary to cite authorities to prove that proposition, or that an entirely new defense cannot be interposed, by way of amendment, at the trial.

The judgment should be affirmed, with costs.

