McAdam, Ch. J.
Executors having assets in their hands are personally liable to pay the funeral expenses of the testatrix (Rappelyea v. Russell, 1 Daly, 214; Patterson v. Patterson, 59 N. Y. 574, 585 ; Williams on Ex'rs, 1621 ; Dayton on Surr. 453 ; Matter of Miller, 4 Redf. 303 ; Ferrin v. Myrick, 41 N. Y. 315). The husband is likewise liable to the undertaker, if credit for the funeral be given to him (Lucas v. Hessen, 17 Abb. N. C. 271); but if the wife leave assets sufficient to pay the expenses, the husband has a remedy over against her executors for the amount he is obliged to pay (McCue v. Garvey, 14 Hun, 562 ; Jackson v. Westerfield, 61 How. Pr. 399 ; Freeman v. Coit, 27 Hun, 447, 450).
The foundation of the remedy over, springs from the duty which the law imposes on the executors to attend to the burial of the testatrix. If they neglect this duty, the law implies a promise to pay him who, not officiously, but in the necessity of the case, directs a burial and incurs and pays such expense thereof as is reasonable (Tugwell v. Hayman, 3 Camp. 298, cited with approval in Patterson v. Patterson, 59 N. Y. 574, at p. 583). This being the law, the plaintiff ought to have had a judgment, and it was error to dismiss his complaint. For this error the judgment will be reversed and a new trial ordered, with costs to the appellant to abide the event.
Nehrbas, J., concurred.