(9 Misc. Rep. 117.)

SCHWANN et al. v. CLARK.[1]

(Common Pleas of New York City and County, General Term.　June 4, 1894.)

1. APPEAL—PRESUMPTIONS IN FAVOR OF VERDICT.
    It will be presumed on appeal that the jury, in reaching a verdict, obeyed instructions of the court.

2. SAME—HARMLESS ERROR.
    An erroneous ruling is not a ground for reversal where a legally correct decision resulted, unless a party was misled to his injury by the incorrect ruling.

3. CONTRACTS—PERFORMANCE.
    A contract of sale, which requires the goods to be shipped promptly by steamer in October, is performed by placing the goods on October 29th on board a vessel which sailed November 1st.

Appeal from city court, general term.

Action by John Frederick Schwann and another against George W. Clark. From an order of the city court (27 N. Y. Supp. 262) affirming a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John M. Perry and Edward M. Shepard, for appellant.
Frederic W. Hinrichs and Alfred E. Hinrichs, for respondents.

BISCHOFF, J.　Plaintiffs sued to recover the difference in amount between the agreed price of a certain quantity of lead, shipped to defendant according to contract, and the price at which it was resold on defendant's failure to accept and pay for the same upon its arrival.　The questions raised by appellant upon this appeal are presented by exceptions taken to the denial of the motion to dismiss the complaint, and to portions of the charge of the trial justice below.　The exceptions to rulings upon evidence, not being pressed, are not necessarily the subject of review (Gildersleeve v. Dixon, 6 Daly, 76); but their examination in the few instances where the grounds of the objection were stated (Malcolm v. Lyon [Com. Pl. N. Y.] 19 N. Y. Supp. 210; Myers v. Cohen [Com. Pl. N. Y.] 23 N. Y. Supp. 996) discloses no prejudice in the rulings, as made.　It is claimed for the appellant—First, that a valid contract was not proven; second, that there was no sufficient performance; and, third, that proper notice of the resale of the goods was not given.　The contract relied upon was in the form of a letter sent to defendant by plaintiffs' agent after negotiations for the sale, as follows:

"To Geo. W. Clark, Esq.—Dear Sir:　I herewith beg to confirm sale of about fifty tons La Cruz soft pig lead of good merchantable quality at 3 3-10 cents p. lb. in bond &c. steamer when landed.　Prompt shipment per steamer this month.　Terms cash against documents on arrival.　After shipment has been made according to this contract sellers are not accountable for safe arrival of the lead.　Please confirm and oblige,
　　"Yours, &c.　　　　　　　　　　　　　Emil Herold,
　　　　　　　"Agent for Messrs. Schwann & Co., London."

[1] Leave to appeal to court of appeals denied.　See 29 N. Y. Supp. 1149.

This letter is admitted to have been received by defendant, and it is not disputed that he gave oral assent to the terms of the contract.

When plaintiff rested, a motion was made to dismiss the complaint upon the ground, among others, that no compliance with the provisions of the statute of frauds had been shown, whereby the defendant could be charged under the contract, it appearing that the value of the goods sold exceeded $50. In denying the motion the justice held that, were the contract alone relied upon, the plaintiffs could not recover, but that evidence of delivery and acceptance, sufficient to take the case out of the operation of the statute, appeared. Upon this theory, also, he charged the jury. The defense of the statute of frauds was not raised by averments in the pleadings, and it is apparent that the respondents were thus held to the support of a burden not required by the law. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. Upon all the evidence the jury found in favor of the plaintiffs, the finding being presumed to accord with the charge. Hackett v. Gaslight Co. (Com. Pl. N. Y.) 26 N. Y. Supp. 11. And the appellant contends that there was no evidence of an acceptance sufficient to justify the verdict. Even if we assume this to be the fact, still the judgment is not for that reason to be reversed. The decision in Crane v. Powell, supra, is rested expressly upon the ground that a defendant, by omitting to plead the statute of frauds, waives the benefit of its provisions, and therefore the fact that the contract in this case was legally proven is beyond dispute. Where a legally correct decision has resulted from an erroneous ruling, a reversal of the judgment should not result, unless a party has been misled to his injury through such incorrect ruling. Marvin v. Insurance Co., 85 N. Y. 278. And, where a case has been fully defended and tried, it is not for the appellate court to refuse consideration of a point, the force of which, had it been presented to the court below, could not have been obviated by proof or amendment at the trial. Beekman v. Frost, 18 Johns. 544; Scott v. Morgan, 94 N. Y. 515. Obviously, proof was not available to appellant upon this question, and an amendment for the purpose of setting up this defense was beyond the power of the trial court to grant. Graves v. Cameron, 9 Daly, 152. Therefore, assuming that the finding referred to was unsupported, and that the point here urged by respondents was not raised below,—propositions which the record by no means unquestionably supports,—still no prejudice resulted to appellant, and upon this question the judgment is not to be disturbed.

Again, it is conceded that the plaintiffs failed to perform the contract with regard to its terms, providing for "prompt shipment this month," in view of the fact that the goods were not placed on board of the carrying vessel until the 29th day of the month in question, this vessel not sailing until the 1st day of the next month. Upon the authority of Ledon v. Havemeyer, 121 N. Y. 179, 24 N. E. 297, this was clearly a "shipment" within the month, and the word "prompt" necessarily had to do with the diligence required

of the plaintiffs in so making the shipment within that time. It appeared from the evidence that the exact words used in this contract had no settled trade meaning, and, upon all the evidence submitted on the question of possibilities of earlier shipment, it was for the jury to say whether the plaintiffs have acted in good faith, and with diligence, in thus making the shipment. Appellant urges, however, that the word "prompt," here used, brings this case within the ruling of Tobias v. Lissberger, 105 N. Y. 404, 12 N. E. 13, and that, therefore, the fact that the vessel did not sail within the month should preclude a recovery. In that case there was no time specified in the contract, within which shipment was to be made; and it was held that placing the goods on board of a vessel which obviously could not sail within a reasonable time, by reason of natural causes, was not a compliance with the agreement for prompt shipment, other means of proper compliance being within the power of the contracting party. Here, however, the vessel sailed within a reasonable time. There was no actual—much less, an expected—delay, as in the Tobias Case; and, upon a fair construction of these two last-cited authorities, it seems clear that the "promptness" required does not relate to the carriage of the goods in the regular course of trade, after shipment in good faith, but must be construed as intending diligence in accomplishing a proper shipment. The question was submitted to the jury in accordance with this theory, and the verdict is supported by sufficient evidence in this regard.

The point raised by appellant that the goods tendered were not those appropriated to defendant's order by plaintiffs is not, we think, well taken. The question was most fairly presented for determination by the jury, and there is foundation upon the evidence for their finding that, in the understanding of the parties, the fact was contrary to this claim.

The notice of resale, as given to defendant, appears to have been quite sufficient, under the authorities. Pollen v. Le Roy, 30 N. Y. 549; Lewis v. Greider, 49 Barb. 606; McGibbon v. Schlessinger, 18 Hun, 225. And the nature of the sale was proper. Pollen v. Le Roy, supra. In view of the evidence, it would be difficult to support a finding that the defendant's rights were disregarded in this part of the transaction. Upon the record, we find no ground for disturbing the judgment, which is therefore affirmed, with costs.