Action by Michael McDonald against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry L. Scheuerman, for appellant.

John W. Hutchinson, Jr., and Walter S. Newhouse, for respondent.

Judgment affirmed, with costs. All concur.

---

KOONS v. WILKIN et al.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

ACTION AGAINST ADMINISTRATOR—LIMITATION.

Code Civ. Proc. § 1822, providing that where an administrator rejects a claim against decedent's estate, either before or after publication of notice to present claims, claimant must commence action thereon within

six months, applies to claims for funeral expenses, as well as those arising before the death.

Appeal from circuit court, Yates county.

Action by John C. Koons against Lewis J. Wilkin and another. From a judgment on an order overruling a demurrer to the answer, plaintiff appeals. Affirmed.

The opinion of Mr. Justice ADAMS at circuit was as follows:

The portion of the answer demurred to is that which sets up the short statute of limitations as a bar to the plaintiff's cause of action. The action is brought to recover the purchase price of the burial casket furnished, and the value of the services rendered at the funeral of one Daniel Shannon, by Amanda Green, an undertaker, the claim therefor having been assigned to this plaintiff prior to the commencement of this action. The defendants are the duly-appointed administrators, with the will annexed, of the estate of Daniel Shannon, deceased; and the claim in question, properly verified, was duly presented to and rejected by them, in their official capacity, except the sum of twenty dollars, which they admit is still unpaid upon said claim, and this amount they offer to allow and pay. By virtue of the provisions of chapter 456 of the Laws of 1890, any executor or administrator is permitted, at any time after the granting of letters testamentary or of administration, to advertise for the presentation of claims against the "deceased"; and section 1822 of the Code of Civil Procedure provides that, when the executor or administrator "rejects a claim against the estate of the deceased, the claimant must commence an action for the recovery thereof against the executor or administrator within six months after such rejection or be barred from maintaining such action." It is insisted that this demand, being one which arose subsequent to the death of Shannon, is not a claim against his estate, but against the defendants individually. That the courts were disposed at one time to take this view of the question is quite clear. Ferrin v. Myrick, 41 N. Y. 315; Austin v. Munro, 47 N. Y. 360–366. And I think that such is unquestionably the rule still, so far as it relates to contracts made with executors upon a new and independent consideration, although made in the interest and for the benefit of the estate they represent, but the later cases seem inclined to make an exception as to claims arising upon account of funeral expenses. By the terms of section 16, c. 6, tit. 2, of part 2 of the Revised Statutes, an executor is permitted to pay the funeral expenses of the testator, even before taking out his letters testamentary. These expenses, while, in one sense, not a debt against the estate, are treated as a charge upon the estate; and, as such, it is quite proper that they should be assumed and paid by the personal representatives of the decedent, whose duty it sometimes becomes to see that proper funeral services are rendered. This view of the question is quite clearly presented in the case of Patterson v. Patterson, 59 N. Y. 574–585, and has been adopted by the general term of this department as the correct and proper one. Dalrymple v. Arnold, 21 Hun, 110; Laird v. Arnold, 25 Hun, 4; Id., 42 Hun, 136. That the plaintiff entertained the same idea is apparent by the fact that he represented the claim in suit to the defendants, as administrators, insisting that it was a demand against the estate of their testator which they were bound to pay; and if the authorities last cited are to be followed, rather than those which adopt the contrary rule,—Tracy v. Frost (Sup.) 11 N. Y. Supp. 561; Murphy v. Naughton, 68 Hun, 424, 23 N. Y. Supp. 52,—I can see no reason why he was not justified in taking this position. At all events, having elected to treat the claim as one against the estate, and, when it was rejected, having neglected to bring suit against the administrators within six months thereafter, it would seem as though he ought now to be precluded from any right to maintain an action thereon against the defendants individually. The demurrer is therefore overruled, with costs to abide the event of the action.

Argued before HARDIN, P. J., and FOLLETT, GREEN, and WARD, JJ.

H. C. Harpending and George F. Youmans, for appellant.
D. A. Marsh and James Spicer, for respondents.

HARDIN, P. J.    Plaintiff is assignee of a claim for casket and funeral services furnished for the burial of one Shannon, at the instance of his daughter.    Subsequent to the burial the defendants were appointed his administrators, with the will annexed, and received personal assets of his estate.    They caused to be published a notice for the presentment of claims, and plaintiff elected to present his claim to the defendants, who rejected the same; and this action was brought more than six months after the claim was so rejected, and the defendants set up as a defense the short statute of limitations.    It does not appear that "a written consent was filed   *   *   *   that said claim may be heard and determined" by the surrogate upon the judicial settlement of the accounts of the administrators, as provided by section 2743 of the Code of Civil Procedure.    Section 1814 of the Code of Civil Procedure provides that an action against an administrator "without describing him in his representative capacity cannot be enforced against the property of the decedent, except by special direction of the court."    Section 1815 of the Code of Civil Procedure provides for an action against an executor or administrator personally, "and also in his representative capacity," in certain enumerated cases, one of them being where the complaint "states facts which render it uncertain in which capacity the cause of action exists against him."    The complaint in the case in hand does not allege an express contract by the defendants in their personal or representative capacity, and the pleader may have framed his complaint under the provisions just quoted.    It may be assumed, upon the facts stated, that the law implies a promise upon which a recovery may be had, and that the assets of the decedent's estate are liable for the expenditures sought to be recovered.    Patterson v. Patterson, 59 N. Y. 574.    Plaintiff seems to have elected to make his "claim" against the estate represented by the defendants.    The language of section 1822 of the Code of Civil Procedure seems to be broad enough to apply to such a case.    It says:

. "Where an executor or administrator disputes or. rejects a claim against the estate of a decedent, exhibited to him, either before or after the commencement of the publication of a notice requiring presentment of claims, * * * the claimant must commence an action for the recovery thereof within six months after the dispute or rejection. * * *"

The object of this section seems, in prescribing a short limitation, to be to facilitate the early settlement of estates, and is as applicable to claims arising after the death against her estate as to the debts arising before.    The provision allowing the parties to file a written consent that a claim may be heard and determined by the surrogate at the time of the settlement of the estate, pursuant to section 2743, as well as the provisions of this section that the decree to be made "must direct the payment and distribution" of whatever of funds are ready for distribution, to the persons entitled, according to their respective rights, favors this construction of

the statute. The foregoing views, as well as those expressed in the opinion of ADAMS, J., delivered at the circuit, lead us to affirm the judgment overruling the plaintiff's demurrer to a portion of the answer.

Judgment affirmed, with costs.

All concur, except ADAMS, J., not sitting.