(18 Misc. Rep. 236.)

### GRIFFIN v. CONDON.

(Supreme Court, Appellate Term, First Department.    October 29, 1896.)

STATUTE OF FRAUDS—PROMISE TO ANSWER FOR DEBT OF ANOTHER.
 Defendant's promise to pay for funeral expenses if decedent's son would not pay them, the son having assumed no liability, is not a promise to pay another's debt.

Appeal from Fifth district court.

Action by Bernard Griffin against Thomas Condon. There was a judgment in favor of plaintiff, and defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Levy, for appellant.

Thomas F. J. Brennan, for respondent.

McADAM, J.    The action is by the plaintiff, an undertaker, to recover for the burial of one John McDonald, an old man employed by the defendant, and who resided with him at No. 15 Cannon street, New York City. On the day McDonald died,—November 19, 1894, —his daughter went to the plaintiff's place of business, saw Mr. Bean, an employé, informed him of the fact, and Mrs. Condon, the defendant's wife, gave Bean directions as to preparing and icing the body. After this had been done, the plaintiff was apprised of what had occurred, and went to No. 15 Cannon street to complete arrangements for the funeral. He got his directions, and estimated the expense at $127. He informed the son of the deceased and the defendant what the price would be, and naturally desired to know who was to become the paymaster. This led to a conversation in which the defendant, to assure the plaintiff that his pay was safe, said that he (the defendant) had become possessed of $325, which the deceased had in bank, and that he had spent $25 of it, leaving $300 in his possession unexpended. The defendant also said that the de-

ceased had been insured for $125, which would go to the son, and that the plaintiff should try and get his bill from the son; "'but, in the meantime, if he don't pay you, I will pay you,' and he promised to pay me." This was sworn to by the plaintiff, and was uncontradicted. On this promise of the defendant the plaintiff performed the work agreed upon.

The circumstances of the transaction, and not the mere words, determine whether the statute of frauds applies. No personal obligation was entered into by the son, so that the promise of the defendant was an original, and not a collateral, one. It was not a promise to answer for the son's debt, for he had created none. The plaintiff was to try and get the money from the son. He made every reasonable effort to do so, according to the defendant's request, and, not succeeding, the defendant became liable on his promise. Kilbride v. Moss (Cal.) 45 Pac. 812; Moorehouse v. Crangle, 36 Ohio St. 130. Credit was undoubtedly given to the defendant. He had possessed himself of $325 belonging to McDonald's estate, and, by saying he had $300, unexpended, in his hands, induced the confidence reposed. The defendant, as an executor de son tort, became liable for this money to the legal representatives of the deceased (3 Rev. St. [6th Ed.] p. 88, § 94), and, if the son had paid the funeral expenses, he could have recovered them from the legal administrator, who in turn would have his remedy against the defendant. Rappelyea v. Russell, 1 Daly, 214; Patterson v. Patterson, 59 N. Y. 574; Kessler v. Hessen, 19 Abb. N. C. 86; Koons v. Wilkin, 2 App. Div. 13, 37 N. Y. Supp. 640. If the deceased had died without property, the defendant would have been personally liable under the rule, declared in Reg. v. Stewart, 12 Adol. & E., at page 778, as follows:

"The individual under whose roof a poor person dies is bound to carry the body, decently covered, to the place of burial. He cannot keep him unburied, nor do anything which prevents Christian burial. He cannot, therefore, cast him out, so as to expose the body to violation, or to offend the feelings or endanger the health of the living; and, for the same reason, he cannot carry him uncovered to the grave." See, also, Patterson v. Patterson, 59 N. Y., at page 583.

The answer is a general denial only, and, although the facts narrated were testified to at the trial, no motion was made to amend the defendant's plea, nor was any evidence offered in opposition to that given by the plaintiff. Under the circumstances, we think the defendant was properly held for the bill. If he had deemed his promise a collateral one to answer for the debt or default of another, he should have invoked by proper plea the protection of the statute of frauds; but he did not, and waived any benefit it might have afforded him. Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Schwann v. Clark, 9 Misc. Rep. 117, 29 N. Y. Supp. 289.

The judgment must be affirmed, with costs. All concur.