(Surrogate's Court, New York County.   December, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 214*)—FUNERAL EXPENSES.
    It is the duty of the administratrix in the first instance to bury the dead, and the expenses are preferential; but, if another bury the dead, he may recover the reasonable expenses.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

2. EXECUTORS AND ADMINISTRATORS (§ 251*)—FUNERAL EXPENSES—ENFORCEMENT OF CLAIM.
    Under Code Civ. Proc. § 2729, subd. 3, the surrogate may fix the amount due for funeral expenses, if six months have not elapsed since the rejection of the claim by the personal representatives.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 896–900; Dec. Dig. § 251.*]

In the matter of the estate of Mary C. Powers. Proceeding to compel payment of funeral expenses. Application granted.

Joseph Fennelly, for petitioner.
Jacob I. Weiner, for administratrix.

FOWLER, S. This is an application by the assignee of a funeral bill for payment thereof, under subdivision 3 of section 2729, Code of Civil Procedure.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] The application is opposed on the ground that the administratrix rejected the claim, and that thereby the assignee of the claim is put to an action. But the surrogate, since the year 1901, may, under subdivision 3, § 2729, Code of Civil Procedure, fix and determine the amount due for reasonable funeral expenses incurred, if six months have not elapsed since the rejection of the claim by the personal representatives. Such claims stand upon a special footing in both the old law and the modern law. It is the duty of the administratrix in the first instance to bury the dead, and the expenses thereof are preferential claims. If another bury the dead, he may recover the reasonable costs thereof. These are very old principles, established for centuries. 1 Salk. 296; Godolph, Pt. 2, Chap. 26, § 2; Kessler v. Hessen, 19 Abb. N. C. 86; Patterson v. Patterson, 59 N. Y. 574, 582, 17 Am. Rep. 384. If the executor or administrator bury the dead with lavish or wanton expenditure, this is a devastavit of the estate, and a loss to him, and not to the creditors, legatees, or next of kin of deceased. To recover such expenses of the administratrix, the claimant must always first show that they are reasonable and in accordance with the condition of the estate and the station in life of the deceased. Patterson v. Patterson, 59 N. Y. 583, 584, 17 Am. Rep. 384.

I have examined the evidence and the claims for the burial. No evidence was given showing any necessity for embalming the body, and I think the person who ordered it must incur the expenses thereof, $15. So of the charge for porters. I am satisfied that they were the drivers of the coaches, and I disallow that item, $10. It seems to me that in all other respects the undertaker's bill is reasonable. I grant the application with the exception noted. Submit order.

Judgment.