In the Matter of the Estate of JOHN A. DIX, Deceased.

Surrogate's Court, Clinton County, June 20, 1933.

*Feinberg & Jerry*, for the executors, Thomson Douglas and John D. Coffin.

*Allen & Allen*, for Walter H. Williams, claimant.

*John D. Coffin*, claimant in person.

HARRINGTON, S. The decedent died April 9, 1928, in New York city. He was a former Governor of the State of New York. At the time of his death he was a resident of Santa Barbara, Cal. On April 20, 1928, his will was admitted to probate by this court,

upon a petition showing that the decedent left some personal property within the county of Clinton. The executors herein were nephews of the decedent. It appears that they had understood from the decedent that he had a substantial estate in California. Accordingly, one of the executors, Mr. Douglas, went to California and there had ancillary letters testamentary issued to him. It appears from the testimony of Mr. Douglas that the only asset of the decedent in the State of California was his home, which was sold for $32,500; that his liabilities were approximately $50,000, of which $29,500 was represented by a mortgage on the real estate. This left approximately $3,000 to pay in part the expenses of administration in California and the claims of creditors there. It further appears that it was necessary for Mr. Douglas to make distribution of such proceeds for such purposes in California, with the result that none of such proceeds were returned to this State for distribution in this proceeding. The account filed by the executors herein shows total personal property received in the sum of $1,834.81, after deducting, as of little or no value, a watch inventoried at $100. Funeral expenses are listed at $1,530.36; expenses of administration, including counsel fees of $500, amounting to $2,341.47; claims allowed in the sum of $10,114.20 and claims rejected in the sum of $14,500, in addition to the usual expenses attending this accounting proceeding. At the hearing it was apparent that, if the expenses of administration and the claim for funeral expenses were allowed as being reasonable, there would in no event be any balance left for distribution to creditors. It was also apparent that it would be necessary to determine the priority of expenses of administration over funeral expenses or *vice versa*, for if the former were allowed in full, nothing would remain for the payment of the latter. Thereafter, a stipulation was duly executed by all persons having claims for funeral expenses, expenses of administration and counsel fees, in and by which they severally stipulated and agreed the respective sums which they would consent to accept in full settlement of their claims against this estate, provided the same were found to be fair and reasonable by this court. Such stipulation provides for the allowance of funeral expenses in the sum of $763.72, counsel fees and disbursements in the sum of $671.09, the executors' commissions in the sum of $91.74 and the expenses incurred by Mr. Douglas, one of the executors, in administering the estate, in the sum of $308.26, which sums amount to $1,834.81, the net amount of the estate for distribution.

Funeral expenses and expenses of administration are prior liens upon the assets of an estate. (Surr. Ct. Act, § 216.) In the event the estate is insufficient to pay both funeral expenses and expenses

of administration, it would appear that expenses of administration are entitled to a preference in payment over funeral expenses. (Surr. Ct. Act, § 216; *Matter of Tierney*, 88 Misc. 347, 352–354; *Matter of Tangerman*, 226 App. Div. [3d Dept.] 162, 164.) The surrogate of Oneida county in a recent decision has held that expenses of administration constitute a prior claim to funeral expenses only when the claim for funeral expenses is disputed and the issues are tried upon the judicial settlement, or in a case where an application is made for the payment of funeral expenses and the issue is whether the representative has or has not money in his hands for that purpose. (*Matter of Williams*, 143 Misc. 527, 531.) However, as a result of the stipulation filed herein, as above mentioned, it would seem unnecessary to decide whether or not in the instant case expenses of administration are entitled to priority of payment over the funeral expenses or *vice versa*, as there are sufficient funds to pay both of such claims and counsel fees, pursuant to the terms of the stipulation.

Even though the amounts which the respective parties have stipulated they would accept in full for their claims for funeral expenses, counsel fees and expenses of administration do not exceed the net estate subject to distribution herein, it is still necessary that the fairness and reasonableness of these stipulated sums be passed upon by this court in order to bar the claims of creditors of the estate herein and to relieve the executors herein from further liability to such creditors by using the entire net proceeds of this estate for the payment of the three items above mentioned. While the estate of the decedent in this county was small, it is quite evident from the testimony that both the executors and their local counsel were compelled to and did devote much time and effort in an endeavor to enhance the size of the estate, both here and in California. It is evident that the executors herein had reason to believe from their knowledge of decedent's affairs that he might have had a substantial estate in the State of California and ordinary prudence required that both they and their local counsel take every action possible to ascertain the extent of this estate and preserve it for the benefit of decedent's creditors. That the estate did not prove as large as anticipated is, of course, in no wise attributable to the action or inaction of these representatives. I am satisfied that in accordance with the yardstick adopted by the courts of this State for gauging the reasonable value of attorneys' services the amount stipulated by counsel herein to be accepted by them for their legal services and disbursements is just and reasonable. (*Matter of Potts*, 213 App. Div. 59; affd., without opinion, 241 N. Y. 593.) The expenses of administration, exclusive of

counsel fees, as incurred by one of the executors, Mr. Douglas, amount to $1,824.47. Of this sum he was reimbursed to the extent of $700 from the assets collected in California, leaving a balance due him of $1,124.47. By the stipulation herein, he has consented to accept in addition to his lawful commissions the sum of $308.26 in full for the balance due him for such expenses of administration. While such sums are large in view of the size of the estate administered in this county, I believe that such expenses were necessarily incurred and that the sum stipulated to be received by him in full for such expenses is just and reasonable and should be allowed. The reasonableness of the sums stipulated to be received in full for the funeral expenses of the decedent depends upon the status in life of the decedent and the amount of the estate. (*Matter of Powers*, 75 Misc. 85, 86; *Matter of Billman*, 143 id. 765, 766.) In the instant case, decedent was a former Governor of the State of New York. At the time of his decease the executors herein had reason to believe that he had a very substantial estate. Appropriate funeral services were conducted for him in the city of New York, his body was cremated and sent to the city of Albany, N. Y., for burial. While such funeral expenses amounted to $1,520.36, those who have presented claims for the same have consented to accept in full therefor the sum of $763.72. Under all the circumstances herein, I believe that such funeral expenses are just and reasonable and should be allowed. Of these funeral expenses, one of the executors herein, Mr. Coffin, personally paid the sum of $570, for which he has agreed by the stipulation herein to accept in full payment thereof the sum of $188.72. Such expenses were necessarily incurred by him and the amount thereof as set forth in the stipulation herein, as above mentioned, is hereby allowed. (*Patterson* v. *Patterson*, 59 N. Y. 574, 584.)

Prepare decree accordingly.