■ JULES H. WAGNER, Appellant, v. KENNETH L. WAGNER, as Administrator of the Estate of CLARK L. WAGNER, Deceased, Respondent.— TAYLOR, J. Appeal from a decree of the Surrogate's Court of Otsego County dated January 20, 1965 judicially settling the accounts of the respondent administrator of the estate of Clark L. Wagner, deceased. Decedent died intestate on April 1, 1961 leaving him surviving seven children, including appellant and respondent, as his sole distributees. Letters of administration were issued to the oldest son on April 21, 1961. A major asset of the deceased consisted of his farm. On June 9, 1964 the administrator instituted simultaneous proceedings to settle his accounts as such and for leave to sell the real property of which decedent died seized, for the payment of his debts, funeral and administration expenses and for the distribution of the balance among the persons entitled thereto. Appellant filed an affidavit in opposition to the application of the administrator asserting that an action was pending in the Supreme Court in respect to his claim against the estate in the sum of about $12,000 and that more than 18 months had elapsed since the grant of letters of administration. At a hearing before the Surrogate held on July 1, 1964 at which appellant appeared personally and by attorney, the court directed the sale of the property to the State of New York for the sum of $11,453.50 and adjourned the proceeding for a judicial settlement and for a jury trial of appellant's claim, the Supreme Court action having theretofore been referred for trial and disposition to the Surrogate's Court. At the date set for the trial of the claim, at which appellant was again present and accompanied by his attorney, an agreement was reached by the parties and a stipulation in accordance therewith entered upon the record in open court which provided that after the payment of all claims which had been filed against the estate, except that of appellant, of the amount due for real property taxes and of all administration expenses, including the commissions of the administrator and the fees and disbursements of his attorney, the balance remaining would be paid to appellant "in full settlement and satisfaction of any and all claims that he has against this estate." After the sale had been consummated, the administrator filed a supplemental account upon which the Surrogate entered the decree appealed from which conformed to the terms of the stipulation of the parties and included a direction that the balance remaining in the sum of $1,042.81 be paid to appellant in settlement of his claim and action against the estate. The stipulation entered into by the parties became a binding contract from which neither party could be relieved without good cause shown. (*Buda* v. *State of New York,* 278 App. Div. 424, 426–427; *Matter of Shaver,* 282 App. Div. 816; *Pines* v. *Beck,* 300 N. Y. 181.)

No application so to be relieved was made in the court below and any decree of the Surrogate inconsistent with the stipulation of the parties would have been unwarranted. (*Pines* v. *Beck, supra*, p. 187.) In any event the grounds for reversal urged by appellant who is without the aid of counsel in the conduct of this appeal are without merit. He incorrectly asserts that he was not adequately informed before entering into the stipulation that administrator's commissions and attorney's fees would be included in the supplemental account. The original petition of the administrator indicated that such payments would be sought and the Surrogate, in appellant's presence, at the hearing of July 1, 1964 observed that there would be a claim for attorney's fees. Appellant's counsel seemingly concurred and at any rate confined his objection at that time to the claim filed by Benjamin B. Morehouse and Alta L. Morehouse for moneys allegedly advanced in behalf of the deceased for hospital care and treatment and on account of the funeral expenses of deceased's wife. Claimant's contention that assets of the estate were fraudulently concealed rests upon a bare conclusory allegation that such property exists and furthermore was not made in the Surrogate's Court and may not be raised for the first time on appeal. His posture as claimant added to the necessity of selling the real property rather than as a bar to its sale. The Morehouse claim was timely and properly recognized after proof had been adduced in its support since it was asserted before the distribution of the estate and besides which the administrator had knowledge of its existence. (*Matter of Huscher*, 251 App. Div. 156; *Matter of Gill*, 199 N. Y. 155, 157.) The proceeding to sell the realty of deceased commenced during the pendency of the judicial settlement proceeding was timely brought despite the lapse of more than 18 months after the issuance of letters of administration. (Surrogate's Ct. Act, § 233; *Matter of Cunniff*, 272 N. Y. 89, 94.) The false information allegedly given to appellant in respect to the amount which he could expect to receive pursuant to the stipulation of settlement is not claimed to have emanated from the administrator, his attorney or the court and furnishes no basis for disturbing the decree. Finally, the transfer of the Supreme Court proceeding to the Surrogate's Court is expressly authorized by the State Constitution (N. Y. Const., art. VI, § 19, subd. [a]). Decree affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.