■ In the Matter of the Estate of JOSE F. GIL, Deceased. SAMUEL KAPLAN, as Administrator of the Estate of JOSE F. GIL, Deceased, Respondent; EMELIA P. GIL, Appellant.—Appeal from a decree of the Surrogate's Court of Sullivan County, entered December 29, 1977, which judicially settled the intermediate account of Samuel Kaplan, administrator. Decedent died intestate on June 2, 1973 leaving as distributees, his wife, the appellant, and his parents. At the time of his demise decedent was a physician practicing his profession in Sullivan County. Dr. Gil's estate consisted almost entirely of proceeds of insurance policies payable to his widow and his parents as beneficiaries. Of a gross estate totaling $651,130.37, the insurance proceeds amounted to $640,522.76. On July 16, 1974, petitioner, Samuel Kaplan, decedent's landlord and a creditor, was appointed administrator of the estate. As adminsitrator, he paid the New York estate taxes and other administrative expenses out of funds in his hands. Prior to the appointment of the administrator, litigation developed over the payment of insurance policies which eventually resulted in the distribution of approximately $500,000 of the proceeds to the beneficiaries. (Appellant was represented by different counsel in that litigation.) The administrator through an action in Surrogate's Court thereafter caused the seizure of $154,000 of the undistributed insurance proceeds, of which $100,000 was due to the widow and $54,000 was due to the parents, plus the accrued interest thereon. This was done to insure payment of the Federal estate tax. The Federal estate tax return was duly filed by the administrator. After audit, the Federal estate tax was computed to be $84,640.92 pending allowance of counsel fees and other administrative expenses by the Surrogate. A petition for an

intermediate accounting was submitted to Surrogate's Court together with affidavits from the administrator and his counsel. Opposing affidavits were filed by appellant and her counsel. The Surrogate decreed the judicial settlement of the intermediate accounting and fixed the administrator's commissions at $5,693. The court also fixed counsel fees at $32,500 based on an affidavit filed by Frank Felleman, petitioner's attorney, setting forth the services performed for the estate and the hours expended for the work described. The time listed as expended for legal services totaled 358¼ hours. The affidavit alleged that the normal commission allowed as attorney fees for a gross taxable estate of $651,130.37 in Sullivan County is 5%. Appellant appeals from the Surrogate's Court decree with respect to counsel fees allowed and the administrator's personal claim for rent. The widow contends that the $32,500 fee, which is 5% of the gross taxable estate, is unreasonable. She also alleges that the administrator committed a breach of fiduciary duty for which he must be surcharged by paying himself over $3,000 for rentals over a two- and one-half year period for the storage of decedent's medical equipment. Petitioner primarily contends that these matters are not reviewable in this court because of the failure of appellant to raise them in the Surrogate's Court proceeding. Petitioner also argues that the attorney fees were fair and reasonable based on the hours worked by the attorney, the alleged complexity of the proceedings and the "normal" fees charged by estate attorneys in Sullivan County. We first consider petitioner's argument that none of the issues were preserved for appellate review. The record indicates that there was no specific objection raised in the Surrogate's Court to the propriety of the administrator's claim for rentals. Consequently, we are unable to pass upon such issue (Wagner v Wagner, 25 AD2d 796; SCPA 2701, 1805, subd 1; Matter of Brommer, 105 Misc 336). An objection to the account must be sufficiently particular to give the court and the parties notice of the claim, objection or defense (SCPA 302, subd 2). However, the court and petitioner were put on notice that counsel fees were in issue. The Surrogate in his decision defined the issues before him to include "the amount of attorney's fees to be allowed." Thus, the issue of reasonableness of counsel fees is properly before this court (Devin v Patchin, 26 NY 441; Matter of Snell, 33 Misc 2d 1044, mod 17 AD2d 490). In reviewing the entire record and considering all the relevant factors, we conclude that the fee awarded by the Surrogate's Court for legal services to the estate was excessive. This estate was comprised almost entirely of assets that passed directly to the beneficiaries without extensive involvement of the administrator or his attorney. The record does not demonstrate that the estate was a difficult one. It appears that the attorney spent more time in performing the legal work of the estate than would be indicated as reasonable for one familiar with estate practice. Thus, we would modify the decree by reducing the fee allowed for legal services rendered to the estate to $17,500, and, as so modified, affirm. Decree modified, on the law and the facts, by reducing compensation allowed petitioner's attorney to $17,500, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.