■ In the Matter of the Estates of DAVID PATCHIN et al., Deceased. ANTHONY CAVALLARO et al., as Testamentary Guardians of DAVID M. PATCHIN et al., Infants, Appellants; EDWARD S. NELSON, Respondent. — Appeal from an order of the Surrogate's

Court of Chenango County (Ingraham, S.), entered September 30, 1983, which, *inter alia,* allowed the sum of $750 for legal services and disbursements to the attorneys for the testamentary guardians of the estate.

David and Marie Patchin died in January, 1983 survived by three infant issue, David Michael Patchin, age 17, Kristin Marie Patchin, age 16, and Timothy John Patchin, age 14. Anthony and Joyce Cavallaro were nominated as the guardians of the persons and property of the children in the last will and testament of each decedent. In February, 1983, the executor's attorney petitioned for the Cavallaros' appointment as guardians. Attorney Edward S. Nelson appeared in opposition for two of the children who objected to moving from Chenango to Monroe County, where the Cavallaros resided. The Cavallaros employed attorneys Shapiro, Rosenbaum & Liebschutz to assist them in securing letters of guardianship. Although a hearing on this issue was anticipated, the matter was resolved at a conference in chambers and the Cavallaros were issued letters of guardianship.* Thereafter, the Cavallaros petitioned the Surrogate to fix and determine the fees due the Shapiro firm amounting to $2,312.68 (SCPA 2110, subd 1; 22 NYCRR 1940.26). At an August 8, 1983 hearing, attorney Sanford Robert Shapiro testified to the services performed for the Cavallaros. For purposes of practicality, attorney Thomas A. Vitanza was retained to question Shapiro. Nelson, now formally retained by David Michael Patchin, appeared in opposition. The court also received a written itemization of the Shapiro firm's bill, which by the time of the hearing amounted to $2,509.10. The Surrogate allowed $750 in legal fees and disbursements to the Shapiro firm, $50 to Vitanza for his participation in the fee hearing, and, "[a]lthough not so requested", awarded $500 to Nelson. This appeal by the Cavallaros ensued.

The Cavallaros contend that the Surrogate erred in concluding the services rendered by the Shapiro firm duplicated efforts rendered by the executor's attorneys, in undervaluing the results obtained by the Shapiro firm, and in gratuitously awarding compensation to Nelson. We disagree in part. The guardians were authorized to petition the court to fix the compensation for services rendered on their behalf (SCPA 2110). While there is no hard and fast rule to calculate reasonable compensation to an attorney in every case, the Surrogate is required to exercise his authority "with reason, proper discretion and not arbitrarily" (*Matter of Brehm,* 37 AD2d 95, 97; see *Matter of Wilhelm,* 88

---

* A notice of appeal was filed from this determination, but the appeal was subsequently dismissed upon motion by order entered June 15, 1983.

AD2d 6, 11-12). Several well-recognized guidelines are available, including: "the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts,* 213 App Div 59, 62, affd 241 NY 593 [citations omitted]; accord *Matter of Freeman,* 34 NY2d 1, 9).

Upon review of the record, it is clear the Surrogate properly considered all of the relevant factors in reducing the award to the Shapiro firm. Contrary to the Cavallaros' contention, the Surrogate did not improperly penalize the Shapiro firm for a duplication of legal services, but simply and accurately noted that they should not be compensated for the initial petitioning process already completed by the estate attorneys. Nor were the results obtained extraordinary, since the Cavallaros were nominated as testamentary guardians and the controversy over their appointment was readily resolved in conference. The Cavallaros' emphasis on the extent of the Shapiro firm's efforts bespeaks the time clock approach which this court has previously rejected (see *Matter of Shalman,* 68 AD2d 940, 941; *Matter of Gil,* 67 AD2d 779, 780; *Matter of Snell,* 17 AD2d 490, 494). Considering all the relevant factors, we cannot say that the Surrogate abused his discretion in reducing the fee requested by the Shapiro firm (see *Matter of Schaich,* 55 AD2d 914). Nor do we find any impropriety in the award to attorney Vitanza.

We further find that the award to attorney Nelson was improperly made. The rule of this Department allows a court to fix an attorney's fee "only upon a proper application" (22 NYCRR 1940.26). SCPA 2110 does not provide for fee awards by a court on a *sua sponte* basis. Since attorney Nelson neither applied for nor requested approval of a fee, that portion of the order awarding him $500 for legal services rendered to the infants must be reversed, without prejudice to an application by said attorney pursuant to SCPA 2110 to fix and determine a fee.

Order modified, on the law, without costs, by deleting so much thereof as ordered the executor of the estates of David and Marie Patchin to pay Edward S. Nelson, Esq., the sum of $500, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.