| |
|---|
| **Matter of Adelsberg (Sternklar)** |
| 2025 NY Slip Op 33346(U) |
| September 15, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2015-3102/I |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------x
Proceeding to Settle the Account of Steven Adelsberg as
Executor of the Will of

        JACK STERNKLAR,

            Deceased.

----------------------------------------------------------------------x
Proceeding to Settle the Account of Steven Adelsberg as
Executor of the Will of

        LILA STERNKLAR,

            Deceased.

----------------------------------------------------------------------x

DECISION and ORDER
File No.: 2015-3102/I

File No.: 2016-3755/I

M E L L A, S.:

      The following papers were considered on the parties' motions for summary determination
in these two accounting proceedings:

| Papers Considered | Numbered |
|---|---|
| Objectant Sarah Sternklar's Notice of Motion; Affirmation of Jeremy Shockett, Esq., in Support, with Exhibits; Affidavit of Sarah Sternklar; and Memorandum of Law in Support of Summary Judgment in Favor of Objectant Filed in the **Estate of Jack Sternklar** | 1-4 |
| Objectant Sarah Sternklar's Notice of Motion; Affirmation of Jeremy Shockett, Esq., in Support, with Exhibits; Affidavit of Sarah Sternklar; and Memorandum of Law in Support of Summary Judgment in Favor of Objectant Filed in the **Estate of Lila Sternklar** | 5-8 |
| Petitioner Steven Adelsberg's Notice of Motion; Affirmation of Steven Adelsberg, in Support, with Exhibits; Affirmation of David A. Bamdad, Esq., in Support, with Exhibits; and Memorandum of Law in Support of Petitioner's Motion for Dismissal of Objections Filed in the **Estates of Jack Sternklar and Lila Sternklar** | 9-12 |
| Objectant's Memorandum of Law in Opposition to Petitioner's Motion; Affirmation of Jeremy Shockett, with Exhibit, Filed in the **Estates of Jack Sternklar and Lila Sternklar** | 13,14 |
| Petitioner's Memorandum of Law in Opposition to Objectant's Motion for Summary Judgment; Affidavit of Cindy Sternklar Worenklein, with Exhibits; Affirmation of Steven Adelsberg; and Affirmation of David A. Bamdad, Esq., in Opposition, with Exhibits, Filed in the **Estates of Jack Sternklar and Lila Sternklar** | 15-18 |

Reply Memorandum of Law in Further Support of Objectant's Motion for
Summary Judgment; Affirmation of Jeremy Shockett, Esq., with Exhibits
Filed in the **Estates of Jack Sternklar and Lila Sternklar**                    19,20

Reply Memorandum of Law in Further Support of Petitioner's Motion;
Reply Affirmation of David A. Bamdad, Esq., with Exhibits Filed in the
**Estates of Jack Sternklar and Lila Sternklar**                                 21,22

Before the court at the call of the calendar on March 25, 2025, were competing dispositive motions in these contested accountings by Executor Steven Adelsberg in the estates of Jack Sternklar and Lila Sternklar. Following oral argument, the court determined the motions on the record, granting in part and denying in part the Executor's motions, which sought dismissal of most of the objections (CPLR 3211[a][7]) and summary judgment (CPLR 3212) in favor of dismissal of some objections, and denying Objectant's motions for summary judgment (CPLR 3212), for the reasons stated below.

Background

The estates of Jack and Lila Sternklar have a long history in this court, which is set forth in prior decisions and need not be repeated here. For present purposes, only the following facts are relevant. Spouses Jack and Lila Sternklar died approximately one year apart, with Lila post-deceasing in July 2016. In his will and codicil, duly admitted to probate, Jack bequeathed his estate to trusts for Lila's benefit, which, upon her death continue for the benefit of their three children Cindy Worenklein, Mark Sternklar, and Sarah Sternklar, and their respective issue. Lila's probated will (and codicil) essentially provides for Jack and their issue in the same way. Jack and Lila nominated each other as executors and Adelsberg—their accountant and financial

2

advisor for more than 30 years—as successor executor. He became Executor in Jack's estate after Lila renounced and then Executor in Lila's estate because Jack predeceased.[1]

Jack's substantial estate, approximately $101 million, is comprised of real estate and related investments amassed in his real estate business ventures. In the time between Jack's and Lila's death, Adelsberg worked in conjunction with Cindy, Mark, and Sarah to create the Sternklar Private Equity Fund (Fund) to facilitate the management of the various business entities owned by Jack's estate, ostensibly for the benefit of the Sternklar family. It was at some point during this process of establishing the Fund that disputes between Adelsberg and the Sternklar children arose, over, among other things, Adelsberg's appointment as manager of the Fund and his conduct in that role.

In June 2021, Adelsberg filed his final account as Executor for each estate. By this time, whatever issue Mark and Cindy had with Adelsberg's conduct had sufficiently resolved such that only Sarah filed objections in each accounting proceeding. In Jack's estate, Sarah (Objectant) asserted 21 general objections and 29 specific objections. In Lila's, she made 20 general objections and 22 specific objections. Many of the objections are identical between the two accountings, and collectively they reflect Objectant's contention that as Executor of both estates, Adelsberg: 1) mismanaged the estate, by, among other things, playing several roles in relation to the estate assets (accountant, executor, Fund manager and Fund accountant) and improperly accounting for estate assets and transfers from Jack's estate to the Fund; 2) offered inaccurate and incomplete accounts, particularly with respect to certain assets that Sarah maintains should be accounted for in Jack's estate; 3) was negligent in the preparation of the estates' tax returns and IRS audits; 4) incurred excessive fees for professional services, including attorneys and

---

[1] Within her objections to Adelsberg's accounting for Jack's estate, Sarah takes issue with said renunciation, and Lila's capacity to execute it, claiming it was obtained by forgery and fraud. No objection to said renunciation or to Adelsberg's appointment was made in the context of Jack's probate proceeding.

[* 3]

accountants in both estates; 5) breached his fiduciary duty by failing to act loyally, engaging in self-dealing, and general mismanaging the administration of both estates; and 6) failed to treat Cindy, Mark, and Sarah equally when making distributions and treated Objectant with hostility to her detriment.

After substantial discovery and motion practice related to such discovery, the instant motions were filed.

## Discussion

On a motion to dismiss pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the [pleading] as true, accord [the pleading party] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). It is well settled that "'the criterion is whether the proponent of the pleading has a cause of action, not whether [s]he has stated one'" (*id.* at 88, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).[2]

On a motion for summary judgment pursuant to CPLR 3212, on the other hand, movant must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A movant's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, if a movant's burden is satisfied, the burden

---

[2] A motion to dismiss for failure to state a cause of action (CPLR 3211[a][7]) may be made at any time, and, under these circumstances, where the parties have laid bare their evidence, may be treated by the court as a motion for summary judgment (CPLR 3211[e]). The basis or bases for disposing of Objections – dismissal for failure to state a claim upon which relief can be granted, or dismissal because the Executor made out a prima facie case for entitlement to judgment which was not countered with material issues of fact requiring a trial – is set forth in this decision (*see Hendrickson v. Philbor Motors, Inc.*, 102 AD3d 251, 258-259 [2d Dept 2012] [a CPLR 3211(c) notice to convert a motion to dismiss to one for summary judgment is unnecessary when "the respective submissions of both parties demonstrate that they are laying bare their proof and deliberately charting a summary judgment course"]).

4

then shifts to the party opposing summary judgment to come forward with admissible proof sufficient to establish the existence of genuine issues of material fact requiring a trial (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

On the record on March 25, 2025, the court denied in part and granted in part the Executor's motion regarding the objections. The court first dismissed General Objections 1, 2, 5, 6, 11, 12, 13, 14, 15, 17, 18, 19, 20, and 21 and Specific Objections 1, 2, 6, and 13 to the accounting in Jack's estate and General Objections 1, 4, 5, 10, 11, 12, 13, 14, 16, 17, 18, 19, and 20 and Specific Objections 1 and 6 to the accounting in Lila's estate because the allegations are general and conclusory in nature and are not sufficiently particular to give the court and the Executor notice of the claims being made as required by SCPA 302(2). It is long established that "a court must . . . protect the . . . right to fair notice of the position being taken against [a party], such notice being the basic function of a pleading" (*Matter of Caridi*, 2019 NY Slip Op 31997[U], 2019 NY Misc LEXIS 3775 [Sur Ct, NY County]), and the allegations in the above-listed objections fail to give sufficient notice to Petitioner of what he would need to show to defend himself and avoid a surcharge. For instance, Objection 5 to the accounting in Jack's estate and Objection 4 to the accounting in Lila's estate allege that Objectant:

> "Objects generally to the accounting to the extent that the expenses incurred by the Executor on behalf of the Estate were unnecessary and unreasonable."

These conclusory allegations fail to provide information particular enough to give the Executor and the court notice of the claim that Objectant seeks to prove and that the court must try (*see Matter of Gil*, 67 AD2d 779 [3d Dept 1979]).

Additionally, the allegations in most of these objections do not actually take issue with any aspect of the accountings and fail to provide a basis for relief. They are thus dismissed because they fail to state a claim for relief in these accounting proceedings.

5

The court also dismissed General Objection 3 (relating to an allegation that the estate administration is tainted by an improper consolidation of power in Adelsberg related to his roles as Executor and manager of the Fund) and Specific Objection 6 (objecting to the fact that the Executor and his family have an interest in an LLC in which the Estates and the Fund also have an interest) to the accounting in Jack's estate and General Objection 2 (same allegation of improper consolidation of power) and Specific Objection 6 (same as in Jack's estate) to the accounting in Lila's estate because there is no connection between the allegations of wrongdoing on the part of the Executor and any particular harm that the estate or the beneficiaries might have suffered (*see Matter of Pratt*, 172 Misc 756, 757-758 [Sur Ct, Kings County 1939] ["An assertion of 'general' negligence or other improper conduct is insufficient upon which to predicate a surcharge. The specification must show a specific act of wrongdoing which has resulted in identified damage to some individual asset item in which the objector possesses an interest" (internal citation omitted)]; *see also Matter of Clifford*, 83 Misc 3d 973, 975-976 [Sur Ct, Monroe County 2024] [misconduct of fiduciary must be cause of defect or loss related to assets for which fiduciary is accounting]).

The court further granted the Executor's motions for Summary Judgment as to Specific Objections 12, 14 and 24 in Jack's estate accounting and Specific Objections 10 and 12 in Lila's estate accounting because through his accounts and Affidavit of Accounting Party, the Executor established his prima facie entitlement to judgment as a matter of law with respect to the accuracy and completeness of his accounts and in opposition Objectant failed to raise an issue of fact that requires a trial (*see Matter of Holterbosch*, 216 AD3d 783 [2d Dept 2023]).

6

Objections Preserved for Trial

However, the court denied the Executor's motions for an order either dismissing or summarily determining General Objections 4, 7, 8, 9, 10, and 16 and Specific Objections 3, 4, 5, 8, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, and 29 in Jack's estate accounting and General Objections 3, 6, 7, 8, 9, and 15 and Specific Objections 2, 3, 4, 5, 7, 9, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 in Lila's estate accounting. As to these objections, the court found that the allegations are either sufficiently particular to provide notice of Objectant's claims or through her opposition papers and in her papers in support of her own motions for summary determination, which were expressly incorporated into her opposition papers, Objectant has raised material issues of fact or pointed to aspects of the accountings that may not be determined based on this record and for which a trial will be required.

With respect to Specific Objections 7 and 9 to Jack's estate accounting and Specific Objection 8 to Lila's estate accounting, which challenge professional fees, the Executor did not move for dismissal or summary judgment. In her own motions, Objectant failed to establish her entitlement to judgment as a matter of law as to these objections because the determination of the value, if any, of the services provided to the estate by the Berger Singerman law firm as well as the value of the accounting services provided by the S. Adelsberg & Co. accounting firm involves a reasonableness assessment and consideration of several factors that are difficult to make on this record. In any event, the court reserves the issue of the reasonable value of all attorneys fees and disbursements as well as accounting and investment-management fees for the trial.

Objectant's Motions

As for the Objectant's motion for summary judgment in each estate, which is addressed to all the objections, the court denied it. With respect to those objections that the court dismissed as

7

noted above, consistent with that determination, the court concluded that Objectant failed to establish a prima facie entitlement to judgment as a matter of law. As to the balance of her objections, even as to those where she may have established a prima facie entitlement to judgment, the Executor raised material issues of fact that must be determined at a trial. In particular, as to General Objection 10 to Jack's estate accounting and General Objection 9 to Lila's estate accounting, through her submissions in support of her motions and in opposition to the Executor's motions, Objectant was able to establish her entitlement to judgment on her claim that the accounts omit estate assets and transactions. In opposition, the Executor raised material issues of fact requiring a trial.

Before the trial on the remaining objections may proceed, however, Objectant must serve and file, no later than 30 days after the court renders its written decisions in these motions, an amended General Objection 10 in Jack's estate accounting and General Objection 9 in Lila's estate accounting, detailing, in the form of a chart (and referencing the Specific Objection to which the transaction or asset is related, if applicable), the estate assets or transactions or the entries in the accountings that she identifies in her Specific Objections or in her motion papers as being inaccurate or incomplete. Only those assets or entries or transactions listed in these amended General Objections will be considered at trial. This amendment is being allowed in order to facilitate the process of determining the remaining objections and streamlining the trial of these accountings. The Executor will be allowed to file a verified reply to the amended General Objections, also in the form of a chart, within 21 days of their being filed with the court.

The dismissal of the General Objections listed previously does not preclude Objectant from arguing that the Executor's accounts are inaccurate or incomplete as to any asset or account entries or transactions mentioned in any remaining Specific Objection or mentioned in her

8

[* 8]

amended General Objection 10 in Jack's estate and amended General Objection 9 in Lila's estate.

This decision, together with the transcript of the March 25, 2025 proceedings, constitutes the order of the court.

Clerk to notify.

Dated: September _15_, 2025

_____
SURROGATE

[* 9]